Hekbersok, Judge. —
 

 This transaction, upon its face, bears evident marks of a fraudulent contrivance between
 
 Graves, Bussell Groom,
 
 to give to
 
 Brotan
 
 a fraudulent preference in the payment of the debt which
 
 Graves
 
 owed to him, or to cause
 
 Graves’s
 
 property to rest in him in fraud of creditors. If the object had been to give
 
 Brown
 
 a preference, and that object bad
 
 been fairly,
 
 and with good faith effected, the law would not'have annulled it. The fraudulent design is evidenced throughout the whole transaction; the expediting the sale at the instance of
 
 Graves,
 
 and more especially by prohibiting the
 
 cestui que trust
 
 under the deed, by virtue of which the sale was made, from bidding at the sale; they could not have been objected to as not being good bidders, for the money was coming to them : The only object which can properly be assigned, was to prevent competition, and thereby enable
 
 Brawn
 
 to purchase the property at a reduced price; and if such was the object, of which a Jury were he proper judges, the law pronounces the sale to be fraudulent; yet as the sale was made by the trustee, who had the legal title, and at the instance of
 
 Brown,
 
 the property passed as to all, but those whose rights or interests were, affected by the sale. The Defendant does not claim under the trust deed, cither as
 
 cestui que trust,
 
 or purchaser, it is therefore not necessary to decide whether, if he stood in that capacity, he could avail himself of the fraud to
 
 *346
 
 defeat the sale. He claims as a purchaser at a Constable’s sale, under a Justice’s execution against
 
 Graves,
 
 issued and levied after the sale of the deed in trust; the qUCstion therefore is, had
 
 Groom,
 
 at the time of the levy and sale, or at the sale, such an interest as could be sold under that execution ? If he -had not, the Defendant is a mere stranger, and however much to he regret-ed, appears in the character of an intermeddler, not though in the opprobrious meaning of that term — it appears that he has acted honestly. But if such be the case,' that is, if the property was not subject to the execution, he cannot avail himself of the fraud practised by
 
 Brown
 
 j and others — if it be a fraud. I believe no where can be found a more lucid and satisfactory opinion upon the subject than the one given by Chief-Justice Spencer of New-York, in the case of
 
 Bogert
 
 v.
 
 Perry others, 17 Johnson,
 
 351, — to tliis therefore I refer. They have in New-York, as regards.this point, a statute similar to ours of 1812, both, in substance, taken from the statute of Charles.— It is evident, that independent of that statute,
 
 Groom
 
 had not such interest as could be sold under an execution at law
 
 ;
 
 he had nothing but a mere equity, at most a mixed trust, or a chose in action, neither of which an execution at law could affect. Our act provides, that it may be lawful for the Sheriff, or other officer to whom a writ shall be directed, at the suit of any person upon a judgment then had, or hereafter to be had, to so make and return execution to the party suing, of all the goods, lands, &c. as any other person shall be possessed or seised in trust of, for the person against whom the execution issued, and that said lands and goods sliail be held by the purchaser at execution sale, free from and discharged of thp title, and incumbrances of the trustee. These are not the words, but it is the substance of the act. If there had been a doubt upon reading the first part of the statute, whether a mixed trust such as this could be sold, where part is held for one person and one purpose, and part for another person and another purpose, I thiuk the
 
 *347
 
 doubt would have boon removed by that branch of it which divests the seisin out of the trustee, and vests both his estate and the estate of the
 
 cestui que trust
 
 in the purchaser. It could not be designed by theLcgislaturc to word this wrong, and it will not be attributed to them, when there are proper subjects on which the act can operate, and coming more within its bounds — a person seised or possessed in trust for another, not one seised in trust for one for one purpose, and to another for another
 
 purpose;
 
 where the formal and nominal title is in one in trust for another. By confining the statute to such cases, no injury is done, for the trustee had no other duties to perform than to permit the
 
 cestui que trust
 
 to enjoy the property. There is no possible way to reconcile the statute to any thing like common justice, but to say that the estates shall be apportioned, and ail shall be taken out of the trustee, and with the trust estate vested in the purchaser, except what will enable the trustee to perform the trusts to others : in this case, it would leave an estate in the trustee of which I cannot well conceive. What is it ? As much as will pay
 
 Tierce?
 
 What then is the nature of the estate which the purchaser has ? He has
 
 Groom’s right
 
 to the surplus, and the trustee’s legal title to the property out of which tisis surplus is to be raised. If the trustee'could find property which would bring the debt to
 
 Fierce,
 
 and no.more, he might sell'it, and then the balance of the property in kind would belong to the purchaser at execution sale: soil as much as will pay
 
 Fierce,
 
 the balance is the purchaser’s — the trustee, has nothing to do with it, both legal and equitable title is in the purchaser. The purchaser might say to him, take your pound of flesh, but not one pennyweight more. How the purchaser at the trustee’s sale stands, who purchased one article which overwent the debts of the remaining
 
 cestui que trust,
 
 I know
 
 not;
 
 as to the amount of the debt the sale was good, and bad for the balance: for that power which he once had to sell, being dependant on his title, was taken from him — as to part of the article the
 
 *348
 
 purchaser would have a right to it, and none to the other I cannot see the extent to which it may be carried. By such sales, speculation would be encouraged, but would be placed upon unequal grounds. One might have correct, and another incorrect information. I think that the Legislature intended to leave such interests (entirely untouched by the act) to the jurisdiction of a Court
 
 oí' Equity,
 
 where the property itself would be sold, and the money divided according to the rights of tise parties.
 

 This is a bard case on the Defendant; but I cannot see how he can prevail in this action.
 

 By the Court,
 

 Judgment Aefirmed.