IluFiriN, Chief-Justice.
 

 After stating the case as above, proceeded as follows:
 

 
 *174
 
 The words of tbe act of 1777
 
 (Rev. c.
 
 115, § 25) are
 
 u
 
 estate and effects.” But from tlie nature of the jurisdiction of courts of law, they have been understood in a modified sense. In relation to specific property, attachment is analogous to execution; and in respect to
 
 dioses,
 
 not in possession, it is substantially an action at law by the defendant in attachment,
 
 (Peace
 
 v.
 
 Jones,
 
 3
 
 Murph.
 
 256.
 
 Elliott
 
 v.
 
 Newby,
 
 2
 
 Hawks,
 
 22.) As a general description of the uses of this process, this seems to be a just one; nor do more than two instances occur to me of exceptions.Qne is a debt not duo, which by express enactment may be attached, the other is a debt in.
 
 autcr droit,
 
 or plainly due to one person for the benefit of another.
 

 Such an interest as a
 
 cestui qui trust
 
 has under this deed, if a legal one, would certainly be subject to execution ; for the law makes all rights to property in possession, which are known to it, liable to creditors, how-over detrimental to the debtor it may be to have it sold in that state, or however inconvenient to joint owners. It is a question in this case, whether the act of 1812,
 
 (Rev. c.
 
 830) brings within the same rule, equitable interests held in conjunction with a great many other persons, entitled to unequal shares, and liable to account with each other, in respect of the property, and the profits? In
 
 Brown
 
 v.
 
 Graves, (4 Hawks,
 
 342, and
 
 Harrison
 
 v.
 
 Battle
 
 (1
 
 Dev. Eq. Cas.
 
 537,) it was determined that only a pure and unmixed trust was within the act; a trust, in which, the only duty of the trustee is to secure the estate for the
 
 cestui qui trust,
 
 and permit him to enjoy it, and convey the legal estate according to his directions. If others have an interest as well as the debt- or (I do not now mean au interest as equitable joint tenants of the whole trust fund, but an equity on the debtor’s particular share,) the act does not operate on the case; because in t]ie cases to -which tli'e act applies, the legal estate is transferred to the trust. The principle is, that the legal estate is not to be transferred or divested out of the trustee, unless that may be done without aftecting any rightful purpose for which that estate was created, or exists, It has been applied heretofore
 
 *175
 
 "'to conveyances on trusts to pay debts, with a resulting trust to the grantor. But it seems equally applicable to all other cases, in which the
 
 cestui qui trust
 
 has not the unqualified right to call for the legal estate, and to call for it immediately. If the nature of the trust requires it to remain in the trustee, who by the terms of the deed, is to do acts from time to time ,• the case is not provided for in the statute; for that would be not only to divest the legal estate, but to change the nature or extent of the equitable right also. As if the trustee is to receive and apply the profits annually to the maintenance of another during life; or if the profits are If) accumulate to a particular period. It would not in those cases be an execution of the trusts, but a breach of them, if the trustee were to Convey the legal estate to the person beneficially interested; and therefore execution sued against that person, cannot be done of the estate out of which the trust arises. A material question is, whether when there is an equitable joint tenancy, or tenancy in common of a trust, that is so pure and un-mixod a trust for each, as to make the share of each liable to execution for his separate debt. Such an interest may be reached in equity, without doubt; and might before the act. However strong the reasons
 
 ab
 
 inconvenient}, against proceeding at law, may be, they cannot weigh ■ against plain words in a statute. But they may properly be brought in aid of an interpretation of a statute couched in doubtful terms; and still more when the words lead to the belief that the inconveniences were perceived by the Legislature, and that the enactments were made in reference to them. This act says, that execution may be done of all such lands or goods, “as any other person or persons be in any manner seised or possessed in trust
 
 for him, her or them, against whom execution shall be
 
 sited,as ought tobe done if the said party or parties against whom execution is sued, were seised or possessed of such lands or goods, of such estate as they be seis-ed or possessed of in trust for him, her or them, at the time of the execution sued.” These words do not etn- . brace any case but that of a trust for the defendant or
 
 *176
 
 defendants in execution. If the trust be for him or thorn and another, it is not within the letter of the statute. Is the court at liberty to carry it beyond the letter? If creditors were without remedy, we might and probably would'bo bound to do so. At law the estate of a joint-owner may be taken in execution for his separate debt; for the law has no other means of dealing with it.— But equity frequently interposes to prevent the sale of sue!) an interest, although undoubtedly legal, until the rights of all the persons jointly concerned can bo adjusted, either.as to proportions, or by assigning to each his particular share in severalty, so that no person should be disturbed by the execution but the debtor ; and that his interest may be exposed under circumstances to make it bring a fair price, and not deceptive to bidders. The object of the legislature was to give the ereditov a speedy and direct remedy, and save him from the necessity of going’ into a court of equity. But it is-not a fair construction to say, that this was meant to be at the expense of having’ the properly sold at a disadvantage to bidders, or the debtor, or to the injury of 1he joint-owners.^ Nor to say that it was intended to expedite the creditor in those cases in which the debtor, or joint-owners with him, would -be obliged on their part, to seek protection from a court of equity. That would be in one breath, to dispense with the necessity of applying to equity; and in the next, to create the same ’necessity; the difference being only, in the party who-should make the application. Whether it is better that it should be done before a sale„tban after,, and even before the expense of a seisure, and the inconvenience of it to these claiming the joint interest, it is not difficult to .judge. , The act imports too, that in every case within it,''the whole'legal estate should he divested, and not so much of it as would suffice to feed the particular trust for the debtor. A contrary construction might be admissible in relation. to land, were the act confined to that; as that is permanent, a sale disturbs no possession, and partition is readily made, and may he compelled at law. But where then are several
 
 ceslui que trusts.
 
 
 *177
 
 sonal chattels, it may be doubted whether it be not to the advantage of even the. creditor, and it certainly is of all the other parties, that a court of equity, whose •powers are competent to clear all incumbrances, and do exact justice between them, shall not alone deal with the interst of any one of the
 
 cestui qui trust.
 
 For to say nothing of the danger of a sacrifice of the debtor’s interests, and of the exceeding inconvenience to the other owners, there is great difficulty in the way of the creditor, in seising the several articles, and in soiling the part of his debtor in each, or his part in the whole mass. The difficulty too, would not terminate with the sale; for the remedies at law of joint owners of personal chattels against each other, are subject to many restrictions, and until recently, there was no method of compelling partition. My inference from these considerations is, that it was not designed that the act should embrace such cases; and that the mischief of such an interpretation prevents its'being adopted, when it cannot be done without an implication beyond the words of the Legislature.
 

 Per RtjfitN, C. J.
 
 arguendo—
 
 The act of 1812, (Rev.
 
 c.
 
 830), subjecting equitable interests to sale by execution.* does not authorise a sale of the interest of one of several joint owners. of a chattel.
 

 But this case does not directly require the court to say that a trust for two or more is in every case out of the act. The point therefore may be left undecided, though I cannot but say, that I bayo a strong impression as to the proper construction. This deed conveys the slaves in trust to be divided among the descendants of the donor’s, three deceased brothers, in the proportions and after the manner, as if her brothers had died intestate, and the negroes had been of their estates respectively, and in the mean time to he hired out by the trustee, and the profits to be appropriated in like manner. Admit that ordinarily a
 
 cestui que trust
 
 having a joint interest with others, may call for a conveyance of so much of the legal estate, as is commensurate with the trust for him, so as to make him tenant in common with the trustee ; yet the purposes of this trust forbid that. The legal estate would have been conveyed at'once to the present
 
 cestuis qui trust,
 
 if it had been intended that they should have it undivided. The trust was created to prevent
 
 *178
 
 tliat. The property is in trust, to be divided. Division then is the object, and that could not be effected at law, especially as there may be deaths and infancy in the ca.se, which would prevent a division by contract. Besides that, the very inconveniences we have been considering were in the way ; for if legal interests had been given to these numerous donees, the share of each might he seised for his or her debt, whatever detriment it caused to the others. The nature of the trust then requires that the trustee should not convey the undivided legal estate to any one or all of
 
 theceshds que trust,
 
 but should after a division, made either by agreement or by decree, convey to each in severalty, the particular slaves alloted to them respectively. This is especially to be inferred from the manner in which the interests are given ; not in any certain proportions expressed in the deed, but according to the statute of distributions, as if the slaves had come by succession from the
 
 brothers. This
 
 provision would probably make it necessary to take accounts of the estates of the brothers, and of advancements by them to their children, and almost render it impossible for the trustee to convey to each an undivided share of the legal title precisely corresponding with their portion of the trust, There could bo no object in creating the trust hut to keep the legal estate in one person, until a division could be made. Before a division the enjoyment of the
 
 cestuis que trust
 
 was not to be the ordinary one of having the possession, but that is to remain with
 
 the trustee,
 
 who is required to hire out the slaves. If the
 
 cestui que trust
 
 is not to have the possession of the thing by the express terms of the trust, it is conclusive that he cannot ask for the legal title from this trustee, because that would enable him to get the possession in spite of the others teeth. Until the division, one of the parties then cannot call for a conveyance/ and by
 
 consequence,
 
 a purchaser at execution sale cannot divest the title of the trustee according to the statute.
 

 I am also of opinion that the defendant lias not, as husband, such an interest as can be taken in execution, or as could be recovered by him by suit. He. has not
 
 *179
 
 reduced «any part of the prouerty into possession, so as to defeat the wife’s right of survivorship.— It is not necessary to say how, for he has power over this interest, to dispose of it by contract.— The enquiry is, what estate lias he in it in the present state of'the case, without any act done by him ? It is not like the case of guardian and ward, where both the legal and equitable estate is in the female infant, and the guardian does not to any purpose hold against the ward, but is merely curator and holds for her, Here the tras-tee not only has the legal estate, but is bound to use it and does for the present use it, both against the husband and the wife. But if he did so against the husband alone, it would have the same effect in the case before us. The right of the wife is but an equitable chose in- action, which the husband cannot recover without joining the wife, and which upon his death before recovery, would survive to her. The case does not indeed state whether the deed was made before or during coverture. If that make a difference, it must be taken against the plaintiff, who must show affirmatively every fact necessary to subject the property, because without that the defendant is not in court. But I do not think the time material, because however it may be at law with respect to rights purely legal, this must be treated, even at law, as a court of equity treats the same subject as between the husband and wife, and the modern decisions,conclusively establish, that the husband cannot recover un-equitable interest of the wife, without uniting her with himself in the suit. This is the stronger here, if she be not entitled to a provision out of her equities; for that should make us more careful to preserve for her the right of survivorship. As the husband could not alone sue for this interest, it cannot be attached for his debt ? and the judgment must be affirmed’.
 

 Ter Curiam — JubgmeNT affirmed.-