RuffiN, C. J.
 

 The question is, whether this is a case within the act of 1812, concerning equitable interests in real and personal estate. We may premise, that we do not agree with the counsel for the plaintiff, that there is an analogy between the cases under this act and those involving the enqui-ry, what uses are or are not executed under the statute of uses. For the act of 1812 assumes, that there was not only an intention, that the legal and equitable estates should not coalesce, but that they are actually separate. The sole subjects of the act are trusts — uses not executed. We think, too, that this question does not depend merely on the intention of the creator of the trust, that the
 
 cestui que trust
 
 should have only the trust, and not be entitled to call for the legal estate. For, in truth, that is always the intention, and it can be no other in any trust. It is the very object of separating the legal and equitable ownership. But, although that he the intention, it cannot be respected, because it is inconsistent with the other
 
 *578
 
 express intention, that the
 
 cestui que trust
 
 should have the profits and the entire beneficial ownership of the property. As it would be repugnant to the nature of legal pro-* pg^ s[lcm[¿ not 50 subject to the debts and disposition of the proprietor, so it is equally repugnant to the entire equitable ownership, that the owner should not be entitled to call for a conveyance from his trustee, and thus take the control of his own estate into his own hands. Trusts, in this respect, are governed by the same rules, which govern legal interests.
 
 Snowden
 
 v.
 
 Hales,
 
 6 Sim. 524.
 
 Jasper
 
 v.
 
 Maxwell,
 
 1 Dev. Eq. 357.
 
 Dick v. Pitchford,
 
 1 Dev. &. Bat. Eq. 480. Still, the intention is so far respected, that a
 
 cestui que trust
 
 is held not to be entitled to call for the legal estate, when, from the nature of the trust, his ownership is not immediate and absolute, and when it would defeat or put it in his power to defeat or endanger a legitimate ulterior limitation of the trust. Hence, when the express purpose is, that the trust.ee shall have the management of .the trust property, and shall receive and lay out the profits with his own hands at future periods: in such cases the trustee cannot be compelled to give up his legal estate to the
 
 cestui que trust. So, if the
 
 trust is not for a particular person only, but it is limited over for other persons, for whose protection the trustee’s legal estate is necessary, or may be highly useful, it is plain that the duty of the trustee to those entitled
 
 in futuro,
 
 requires him to retain his estate, and therefore the court would not decree him to
 
 convey it.
 
 Suppose a conveyance by deed of a slave in trust for one for life, and then in trust for another, which was formerly the only method by which personal property could, by an act
 
 inter vivos,
 
 be limited over after a life estate. Beyond doubt, equity would not compel nor allow the trustee to convey the legal estate to the tenant for life, but require him to retain it for the security of the remainder-man. And so in any case of a contingent limitation over, it would be the duty of the trustee to retain the title and the control over the possession of the trust .property .; and the Court of Equity will not take it from him, as was held in the case cited of
 
 Dick
 
 v.
 
 Pitchford,
 

 
 *579
 
 Now, the act of Í812 did not mean to change the nature of trusts, the relation between the trustee and
 
 cestui que
 
 trust, or the rights of the latter agaihst the formen The sole purpose of it was to render the interest of the
 
 cestui que trust
 
 liable at law, as it was before in equity, for the debts of the
 
 cestui que trust
 
 in Certain cases, by transferring, by a sale on execution against the
 
 cestui que trust,
 
 the legal estate of the trustee, as well as the trust estate of the debtor. It is the necessary construction of such a provision, that it was not intend* ed to embrace any such cases as those just adverted to, in which the trustee could hot voluntarily convey to the debtor without incurring a breach of trust to other persons, with whose interests he is also charged. As was said in
 
 Gillis
 
 v. McKay, 4 Dev. Eq. 172’
 
 “
 
 the principle is, that the legal estate is not to be divested out of the trustee, unless it ' may be done without affecting any rightful purpose for which it was created ; and, therefore, that if others had an equity in the same property, that is, in the debtor’s particular share, thferact did not operate on it. We need not in this case discuss the question on
 
 the
 
 third clause of the will; for, whatever doubts might be suggested on that provision
 
 per se,
 
 it is clear upon that and the fourth clause, taken together, that it was both the intention of the testatrix, that the legal title of Jethro I). Battle’s share should be kept outstanding in the trustee, and that it.is proper and needful so to keep it, as a shield against the acts of imprudence or injustice of that person, for the benefit of those that may be entitled under the contingent limitation over, upon his death without leaving issue — -"which is the construction of that clause under th'e act of 1827. It was, probably, one of the objects of interposing a trustee, to vest in him the continued right of possession, so that the first taker (if he may be so called) should not be able by removal and alienation in distant parts,' to defeat those, to whom the property is limited over; of whom, indeed, the trustee is one. The case of
 
 Dick
 
 v. Pitchford, is directly in point; for the Court there refused to decree even the possession to the tenant for life, much less á conveyance, as'it was necessary to secure the contingent in
 
 *580
 
 terest. As the Court would not decree a conveyance at the suit of the
 
 csstui que
 
 trust, it follows that we must hold, that the trustee’s estate would not be divested by a Sheriff’s sale, under execution against the
 
 cestui que trust.
 
 Therefore the judgment must bo affirmed.
 

 Per Curiam, Judgment affirmed,1