We think the evidence of the loss of the instrument was sufficient to let in proof of its contents. The affidavit of the plaintiff might have been added, and doubtless would have been required, if it had appeared that he had the possession at or after the former trial, or if there had been evidence to raise a probability that it had since come to his hands. But there was no suggestion that the plaintiff was even present when the case was first tried, or that there was any opportunity for him to get the paper. The counsel distinctly stated that they, and not their client, had it in possession, and that it was kept after the trial either by one of them or the clerk; and upon search by all of those gentlemen, in whose custody it certainly had been, it has not been found, and that sufficiently establishes the loss for the purposes of this question.
There was certainly evidence to be left to the jury of the collection of the money from McCraw by the defendant. Indeed, although it was not direct evidence, it was little less convincing. The debtor was good for the money, and it had been due about six months before the plaintiff's demand, and the defendant did not show on the trial that he had been put to a suit on the note, or produce or give any account of it; and, especially, when asked for payment, the defendant did not say he had not collected the money, but impliedly admitted that he had by the strong negative pregnant contained in his declaration as the reason for refusing payment, that the money had been attached in his hands by Newland's creditors.
The court properly refused to give the last instruction, for several reasons. The jury ought not to be charged upon abstract points to which *Page 305 
there is no evidence; and here no such attachments were shown (441) as those supposed. Besides, if there had been, they could not have protected the defendant, because he had engaged to pay the plaintiff on the single condition that he should collect the money from McCraw, and, having done so, his engagement became absolute. Under those circumstances, moreover, the money was not liable to attachment, if that were material, for, clearly, Newland could not have recovered the money from the present defendant; and, consequently, it could not be attached by a creditor of Newland, since an attachment, served in the hands of a garnishee as a debtor, is substantially an action at law by the defendant in attachment.Gillis v. McKay, 15 N.C. 172. The defendant would have had nothing to do but state the facts in his garnishment, and they would have shown that the money did not belong to Newland, because he had accepted his order for it in favor of another person. That would have been equally true whether the bond was assigned or not; for if, in the latter case, he acted in a legal sense, as the agent of Newland in collecting the money, yet, when collected, he had a right to hold it for himself, as the fund on which his acceptance was founded. In every point, therefore, the opinions given by his Honor were correct.
PER CURIAM. No error.
(442)