The Court can take no notice of the rights of Ramsour arising out of the filing and prosecution of his bill in the court of equity. It belongs to that court to vindicate its jurisdiction by dealing with persons who violate rights created by a lis pendens there.
Sitting in a court of law, we cannot judicially know how a court of equity will apply an equitable fund of this sort to the satisfaction of creditors, or as between the creditors and the assignee of its owner. We can look only to the legal rights of the parties to this record. But confining ourselves even to that limit, we hold that the plaintiff must recover. The plaintiff got the legal title by the conveyance of Fullenwider, and it has never been divested out of him and gained by the defendant, of course the defendant took nothing by his purchase from Fullenwider himself. Nor did he get a title under the purchase from the sheriff, because the negro at the time he was seized and sold was not liable to execution, and consequently the sale passed nothing. Section 2 of the act of 1812 which authorizes the sale of an equity of redemption is confined to a mortgage of lands, tenements, rents, and hereditaments; and, therefore, this case is not within that clause of the act. Nor is it within the first section, although that extends to both lands and goods, because, on 2 June, 1843, when the defendant purchased, there was a balance due on the debts secured by the deed, and the same remained due until the 5th of that month, when it was paid out of the proceeds of the sale then made of the other negro by the plaintiff. (421) *Page 292 
At the sale to the defendant, therefore, the negro Willis was not held by the plaintiff upon a pure and simple trust for Fullenwider, the defendant in the execution, but upon a mixed trust, for him and the creditors secured in the deed; and that is not within that section of the statute, Brown v.Graves, 11 N.C. 342, and the sale to the defendant passed nothing.
The memorandum made on the deed and the facts stated in it did not determine the plaintiff's title. They do not purport or amount to a conveyance by him, but only show that he then no longer held the title for the benefit of the creditors secured in the deed, as one of the trusts on which he took it originally, but only for Fullenwider or such persons as might be entitled through him, either by contract or act of law. Still the legal title was left in the plaintiff, and that entitles him to judgment in this action.
PER CURIAM. Affirmed.
Cited: Sprinkle v. Martin, 66 N.C. 56, 57; Hardin v. Ray, 94 N.C. 460;Mayo v. Staton, 137 N.C. 676, 679.
(422)