C. H. McKENZIE AND WIFE v. JULIAN E. SUMNER.

*Will—Devise—Trust—Trustee—Dry or Naked Trust.*

1. A devise of real and personal estate to J. in trust for E. (a married woman), with no limitations over and no duties to be performed by the trustee, is a dry, naked or passive trust and vests the legal title in the property to E. under the statute of uses.
2. In such case E. is entitled to have the personal property conveyed and delivered to her and the trust therein terminated.

CIVIL ACTION, tried before *Battle, J.*, at February Term, 1894, of ROWAN Superior Court.

Thomas J. Sumner devised to the defendant, Julian E. Sumner, in trust for plaintiff one undivided third part of the land upon which he resided in Rowan county, to have and to hold to her and her heirs forever; and also bequeathed stock in the Charleston (S. C.) Mining and Manufacturing Company of the value of $7,500 to said defendant " in trust for my sister, Ellen S. McKenzie." The *feme* plaintiff in her complaint alleged that the trust so created was a naked, dry or passive trust and insisted that she was entitled to a transfer of the property to her.

The defendant denied the conclusions of law as to such trust.

His Honor, upon agreement of the parties, found the facts as follows:

" 1. That plaintiff Ellen S. McKenzie is the wife of C. H. McKenzie, who was insolvent at the date of the will, and has been ever since; that the said plaintiff Ellen S. McKenzie, at the time of the making of the will of Thomas J. Sumner, deceased, was and now is possessed of a large and valuable separate estate.

" 2. That there was no agreement between plaintiff and the defendant that he should retain five per cent. commissions upon the dividends he collected upon the stock which he held as trustee for the said Ellen S. McKenzie under the said will.

" 3. That the executors of Thomas J. Sumner filed a final settlement of his estate on the 31st day of March, 1893, showing a balance in their hands of $9,574.63, and in said settlement they were allowed full commissions, amounting to some $1,100, and that on the 18th day of July, 1893, they filed what is called a supplemental final settlement, in which said executors charged two and one-half per cent.

commissions on ninety (90) shares of the stock which was bequeathed in the will of their said testator to the defendant in trust for the different persons named therein, which was not audited and approved by the Clerk."

Upon these facts, and the facts not denied in the pleadings, his Honor held, as the right of the *feme* plaintiff to the property bequeathed in said will to the defendant in trust for her is absolute, there being no ulterior limitation and no continuing duty to be performed by said trustee, and no provision in the said will for him to exercise acts of government over said property, she having the entire beneficial interest, both in the income of the property and in the property itself, that the property devised and bequeathed to defendant, in trust for her, is but a naked, dry or passive trust; that she is entitled to a decree to have the legal estate in said property conveyed to her and the trust terminated. His Honor refused to allow two and one-half ($2\frac{1}{2}$) per cent. commissions claimed by the defendant upon the stock bequeathed to plaintiff, and also refused to sanction the charge of five per cent. commissions for simply collecting and paying over the dividends upon said stock, but did allow two and one-half ($2\frac{1}{2}$) per cent. commissions on the said dividends, and gave judgment accordingly, and defendant appealed.

*Mr. Lee S. Overman,* for plaintiff.

*Messrs. T. F. Kluttz* and *Craige & Clement,* for defendant (appellant).

SHEPHERD, C. J.: As to the real estate devised to the defendant for the benefit of the plaintiff, there is no reason why the legal title is not vested in the plaintiff by the statute of uses, as the land is not conveyed to her "sole and separate use" (see authorities collected in Malone on Real

Prop. Trials, 544), nor is the trustee charged in any manner whatever with any special duties in respect to the same. The case does not fall within either of the three well-known exceptions to the operation of the statute, and it would seem clear that the legal estate is executed in the plaintiff. 1 Perry Trusts, 298, and the numerous authorities cited in the note. The statute, however, does not apply to personal property, such as notes and bank stock, and the legal title remains in the trustee until it is in some way transferred to the equitable owner. Is there any reason why the Court, exercising its equitable jurisdiction, should not have directed the assignment of the legal title in this instance? We can see none. The plaintiff being the absolute equitable owner, there are no ulterior limitations to be protected, and under the terms of the will the trustee has nothing but a bare, naked legal estate unaccompanied, as we have remarked, with a single specified duty. As the plaintiff's separate estate is fully protected against the interference of her husband by the provisions of the Constitution, and as the trustee has no power to withhold from her either the property or its income, we are unable to see why the legal title should remain in him, unless it be to enable him to charge the five per cent. commissions which he claims for "simply collecting and paying over the dividends upon the stock."

We do not deem it necessary to enter into an elaborate discussion of the subject, but will simply refer to the following authorities, which, although perhaps not exactly in point, fully sustain, upon principle, the ruling of his Honor: *Turnage* v. *Green*, 2 Jones' Eq., 63; *Battle* v. *Petway*, 5 Ired., 576; *Jasper* v. *Maxwell*, 1 Dev. Eq., 361.

We will add the following extract from Lewin on Trusts, 18: "The simple trust is where property is vested in one person upon trust for another, and the nature of the trust,

not being prescribed by the settler (and such is the case here), is left to the construction of law.   In this case the *cestui que trust* has *jus habendi*, or the right to be put into actual possession of the property, and *jus disponendi*, or the right to call upon the trustee to execute conveyances of the legal estate as the *cestui que trust* directs."   This is so clearly a simple trust that under our decisions the property, prior to the present Constitution, would have belonged to the husband.   *Ashcraft* v. *Little*, 4 Ired. Eq., 236; *Heartman* v. *Hall*, 3 Ired. Eq., 414.

We have examined the authorities cited by the intelligent counsel for the appellant, but they do not satisfy us that the judgment below was erroneous.   The judgment in all respects is                                                  Affirmed.