R. C. PATRICK, Trustee in Bankruptcy of PAUL C. BEATTY, Bankrupt, v. VENNIE H. BEATTY, Executrix and Trustee of the Last Will and Testament of R. H. BEATTY, Deceased, et al.

(Filed 30 March, 1932.)

1. **Statutes B a—Where statute prescribes its application by clauses connected by disjunctive it applies to case falling in either clause.**

   Where a statute contains two clauses which prescribe its applicability, and the clauses are connected by a disjunctive, the application of the statute is not limited to cases falling within both clauses, but it will apply to cases falling within either one of them.

2. **Execution B c—Execution will not lie against interest of cestui que trust in property held by trustee in active trust.**

   The interest of a *cestui que trust* in real property held by a trustee as an active trust, requiring the trustee to perform certain duties in respect thereto until the happening of a certain event, and where the *cestui que trust* may not call for a conveyance of the legal title, is not subject to execution in this State. C. S., 677, subsecs. 3, 4.

3. **Wills F c—In this case held: beneficiary took vested interest in lands devised which he could convey by deed.**

   Where a will devises all the testator's property to a trustee to be held by her until his youngest child should attain the age of twenty-one, and directs that the property should then be divided one-third to each of his two children in fee and one-third to his wife for life with remainder over to the children and another devisee: *Held,* the testator's children take a vested interest in the lands devised which they could convey by their deed under our rule that any interest in land may be conveyed including contingent interests and executory devises as distinguished from mere rights, expectancies or possibilities.

PATRICK *v.* BEATTY.

**4. Bankruptcy C b—Held: beneficiary under will took vested interest in land which passed to his trustee in bankruptcy.**

By the terms of the Bankruptcy Act the trustee in bankruptcy is vested with the title of the bankrupt to property which prior to the filing of the petition the bankrupt could have conveyed by any means or which might have been levied upon and sold under judicial process, and where, by the terms of a will, lands are devised to a trustee to be held as an active trust until the happening of a certain event and then divided among certain beneficiaries including the bankrupt: *Held*, although execution would not lie against the interest taken by the bankrupt under the will, the bankrupt acquired an interest thereunder which he could have conveyed, and under the terms of the statute the title to such interest passed to his trustee in bankruptcy, whether his interest was such as could have been conveyed being determined by the laws of this State.

APPEAL by plaintiff and by defendant Vennie H. Beatty, executrix and trustee, from *Schenck, J.,* at October Term, 1931, of GASTON.

Controversy without action on case agreed. C. S., 626.

R. H. Beatty died in 1928, leaving a will which has been duly admitted to probate in Gaston County. The will is as follows:

"North Carolina—Gaston County.

I, R. H. Beatty, of the county of Gaston and State of North Carolina, being of sound mind, but considering the uncertainty of my earthly existence, do make and declare this my last will and testament.

Article One: I direct the payment of all my just debts and funeral expenses.

Article Two: I hereby give, devise and bequeath all the rest of my estate, real, personal or mixed, wheresoever situated, whereof I may be seized or possessed, or to which I may be in any manner entitled, or to which I may be interested at the time of my death, unto my executrix and trustee hereinafter named, and to her heirs and assigns forever.

In trust, nevertheless, as follows:

Article Three: I will and direct that my said executrix and trustee shall manage, control and rent my real estate to the best advantage paying all building and loan dues thereon, as well as all taxes and assessments thereon, and after the payment of said charges, I direct that the remaining moneys be deposited in the bank, and to be held until a division is made among the devisees as hereinafter provided.

Article Four: I will and direct that my mercantile business shall be continued by my said executrix and trustee, and that my family shall receive their support from said business, and that two-thirds of the annual yearly profits shall be used by my wife and son Jennings and one-third to my son Paul.

Article Five: It is my will and desire that upon the payment of my life insurance that one-tenth of the same shall be placed in a separate account in the bank on interest, and that when a division of my estate is made among my wife and children, that the said one-tenth of my insurance shall be donated to my church to be used by it in erecting a brick church as a memorial to me if it should see fit to accept the same upon the said condition; and I would like for my family to increase this fund from the inheritance if they see fit to do so.

Article Six: I will and direct that the remaining insurance money be deposited in the bank on interest, and there to remain until a division shall be made among my sons and my beloved wife. ·

Article Seven: When my son Jennings reaches twenty-one years of age, it is my will and desire, and I so direct that my estate be divided· among my said sons and my beloved wife, the personal property to be equally divided among all; and to my sons Paul and Jennings and their heirs in fee simple I give and devise one-third each of my real property, and to my beloved wife I give and devise the remaining third during her natural life, and then one-third of her estate to my son Paul and his heirs in fee simple, one-third to my son Jennings and his heirs in fee simple and one-third to First Wesleyan Methodist Church, Gastonia, N. C., its successors and assigns in fee simple.

Article Eight: I hereby constitute and appoint my beloved wife, Vennie, my lawful executrix and trustee to all intents and purposes to execute this my last will and testament, according to the true intent and meaning of the same, and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made.

In witness whereof, I the said R. H. Beatty, do hereunto set my hand and seal this 17 October, 1928.            R. H. Beatty.   (Seal.)"

Vennie Beatty is the duly qualified and acting executrix and trustee under the will. Jennings Beatty is a minor, 17 years of age, and Vennie Beatty is his guardian. Charles A. Ramsay, J. L. A. Rhyne, and B. M. Gibson are trustees of First Wesleyan Methodist Church of Gastonia. When the testator died Paul C. Beatty was a minor, 20 years of age, and was adjudicated a bankrupt on 2 January, 1931, by the United States District Court for the Western District of North Carolina, and was discharged as a bankrupt on 10 June, 1931, R. C. Patrick was appointed his trustee on 15 January, 1931. The testator died seized of real estate situated in Gastonia.

It was adjudged upon the agreed facts that the legal and equitable title to the devised land is vested in Vennie H. Beatty, trustee and execu-

trix; that neither the legal nor the equitable title nor the right of possession will vest in the beneficiaries until Jennings Beatty becomes twenty-one years of age; and that the plaintiff has neither the legal nor equitable title to the interest devised to Paul C. Beatty.

The plaintiff and Vennie H. Beatty excepted and appealed.

*Paul E. Monroe and A. C. Jones for appellants.*
*W. H. Sanders for Paul C. Beatty, appellee.*

ADAMS, J. The controversy between the parties originates in their diverse constructions of the second and seventh items of the will. The plaintiff says that upon the death of the devisor, the trustee, Vennie Beatty, acquired the title and the right of possession to a one-third undivided interest in the devised real property for the benefit of Paul C. Beatty; that Paul C. Beatty is the equitable owner; and that the plaintiff has succeeded to his title as his trustee in bankruptcy. Vennie Beatty takes substantially the same position but insists that the right of division and possession must await the majority of Jennings Beatty, while Jennings contends that he has a present right to call for a division of the property. The trustees of the First Wesleyan Methodist Church claim a present right to demand partition. Paul C. Beatty insists that the equitable title and right of possession do not vest in him until Jennings Beatty attains his majority and that his trustee in bankruptcy has no right or title to his interest.

The trustee of the estate of a bankrupt is vested by operation of law with the title of the bankrupt to . . . property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him. 9 Remington on Bankruptcy, 852, sec. 70; 11 U. S. C. A., sec. 110. As the clause is disjunctive we may first inquire whether the bankrupt's interest in the devised land is subject to sale under such judicial process.

Prior to the act of 1812 no equity could be sold under execution. The first section of this act empowered the sheriff or other officer to whom an execution on a judgment was directed to sell lands and tenements and goods and chattels held in trust for the judgment debtor; the second section authorized the sale of the equity of redemption in "all lands, tenements, rents, or other hereditaments . . . pledged or mortgaged." Laws of North Carolina, 1812; 1 Rev. Sts., 266, secs. 4, 5. These provisions in modified form are now in effect. Not only equitable and legal rights of redemption in personal and real property pledged or mortgaged by the judgment debtor may be sold under execution, but real property or goods and chattels of which any person is seized or possessed in trust for him. C. S., 677, subsecs. 3, 4.

In the case before us the interest of the bankrupt is not an equitable or legal right of redemption; the question is whether the interest of the *cestui que trust* in the real property held by the trustee is subject to sale under execution.

In the second item of the will the testator devised to Vennie Beatty, his executrix and trustee, and to her heirs all his property except such as was necessary to pay his debts and funeral expenses. He directed the trustee to hold the property in trust: to manage, control, and rent the real estate; to pay taxes, assessments, and dues; and to deposit the remaining moneys in a bank to be held until a division of the property could be made. According to the direction in item seven the estate is to be divided when Jennings Beatty reaches the age of twenty-one years.

It was the purpose of the Statute of Uses, 27 Henry VIII, to transfer the use into possession by providing that whenever one person was seized of an estate for the use of another, the *cestui que use* should be deemed to be seized of the same estate in the land that he had in the use. Under these circumstances it was not necessary for him to appeal to the conscience of the feoffee or to resort to a court of chancery. But there were nonexecuted uses which could not be enforced in a court of law, and the courts of chancery, for the purpose of compelling performance, took jurisdiction of the uses which were not executed by the statute and developed the doctrine of trusts. *Tyndall v. Tyndall,* 186 N. C., 272. The statute executed such uses as were passive; not such as were active. If the feoffee to uses had any active duty to perform the use was active and was not executed by the statute. *Lummus v. Davidson,* 160 N. C., 487. So as to trusts, which are active or passive. The distinction between the two is stated in Perry on Trusts (7 ed.), sec. 18: "Trusts are divided into simple and special trusts. A simple trust is a simple conveyance of property to one upon trust for another, without further specifications or directions. In such case the law regulates the trust, and the *cestui que trust* has the right of possession and of disposing of the property, and he may call upon the trustee to execute such conveyances of the legal estate as are necessary. A special trust is where special and particular duties are pointed out to be performed by the trustee. In such cases he is not a mere passive agent, but he has active duties to perform, as when an estate is given to a person to sell, and from the proceeds to pay the debts of the settlor."

Lewin says that in simple or passive trusts the *cestui que trust* has *jus habendi,* or the right to be put into actual possession of the property, and *jus disponendi,* or the right to call upon the trustee to execute conveyances of the legal estate as the *cestui que trust* directs, but if the trust is special or active the trustee is called upon to exert himself actively in the execution of the settler's intention. Lewin on Trusts, sec. 18.

The distinction is clearly marked in our decisions, as may be observed by reference to *McKenzie v. Sumner,* 114 N. C., 425, which presents. the case of a passive trust and to *Cole v. Bank,* 186 N. C., 514, which deals with a trust that is active.

A *cestui que trust's* interest in real property held by a trustee as an active trust may not be sold in this State under judicial process. The question arose in *Harrison v. Battle,* 16 N. C., 537, in which the Court held that the trust described in the first section of the act of 1812 (C. S., 677, subsec. 4), "is a pure and unmixed one"—*i. e.,* a passive trust. This construction had previously been announced in *Brown v. Graves,* 11 N. C., 342 and *Gillis v. McKay,* 15 N. C., 172; and in the later case of *Battle v. Petway,* 27 N. C., 576, it was said: "Now, the act of 1812 did not mean to change the nature of trusts, the relation between the trustee and *cestui que trust,* or the rights of the latter against the former. The sole purpose of it was to render the interest of the *cestui que trust* liable at law, as it was before in equity, for the debts of the *cestui que trust* in certain cases, by transferring by a sale on execution against the *cestui que trust* the legal estate of the trustee, as well as the trust estate of the debtor. It is the necessary construction of such a provision, that it was not intended to embrace any such cases as those just adverted to, in which the trustee could not voluntarily convey to the debtor without incurring a breach of trust to other persons, with whose interests he is also charged. As was said in *Gillis v. McKay,* 15 N. C., 172, the principle is that the legal estate is not to be divested out of the trustee, unless it may be done without affecting any rightful purpose for which it was created; and, therefore, that if others had an equity in the same property, that is, in the debtor's particular share, the act did not operate on it."

The principle underlying the decisions is set forth in *Tally v. Reid,* 72 N. C., 336: "The act of 1812 provides that where A. holds land in trust for B., the interest of B. may be sold under an execution against him. And the purchase of such equity shall draw to it the legal estate which was in A. So that the purchaser got the whole title, legal and equitable. And the trustee A. had no more to do with it. It was just the same as if A., the trustee, had, by deed, passed the legal title to B., and then it had been sold under execution against B., which would of course have passed the whole title, the land itself. It also follows that if B's equity was such as that he had no right to call upon A. for the legal title, as if B. had to hold the legal title to perform some other trust, then B's equity could not be sold, because the sale of B's right could not draw to it the legal estate out of A., which B. himself had no right to call for. And so the sale could not pass both the legal and equitable

estate, the land itself, to the purchaser, as the statute required. And so, it had to be held, that while a pure simple trust could be sold under execution, yet a mixed trust could not be. For if the purchaser of a mixed trust sued the trustee for the legal title, the land itself, the trustee could defend by saying, I am obliged to hold the legal title in order to perform another trust."

The discussion is pursued and the doctrine is considered from various angles in subsequent decisions, including *Hinsdale v. Thornton*, 75 N. C., 382; *Love v. Smathers*, 82 N. C., 370; *Lummus v. Davidson, supra; Everett v. Raby*, 104 N. C., 480; *Gorrell v. Alspaugh*, 120 N. C., 362; *Rouse v. Rouse*, 167 N. C., 208; *Cole v. Bank, supra.*

In the pending case the trustee is charged with the performance of particular duties which remain obligatory until the younger brother attains the age of twenty-one years. The trust is active: the trustee must retain the title and control the real property in order to execute the trust imposed upon her under the will. *Rouse v. Rouse, supra.* It follows that the bankrupt's estate is not subject to sale under judicial process.

Since the property devised to the bankrupt was not subject to sale under execution, the remaining question is whether the bankrupt could by any means have transferred it before the adjudication. If the property could have been transferred it is immaterial whether or not it could have been levied upon and sold under judicial process. The alternative "or" shows a statutory declaration that there may be property which cannot be sold under judicial process and may yet be transferred for the benefit of creditors. *Fisher v. Cushman*, 103 Fed., 860; *Page v. Edmunds*, 187 U. S., 596, 47 L. Ed., 318. Whether the property is such as could have been transferred must be determined by the law of this State. *In re Berry*, 247 Fed., 700.

The quantity and character of the estate devised to the bankrupt is the criterion by which we may determine whether his interest could have been transferred by him. After vesting the trustee with the legal estate in the second item of the will, the devisor provided in the seventh item that the property should be partitioned at a fixed date and immediately made the following disposition of the land: "To my sons Paul and Jennings and their heirs in fee simple I give and devise one-third each of my real property, and to my beloved wife I give and devise the remaining third during her natural life, and then one-third of her estate to my son Paul and his heirs in fee simple, one-third to my son Jennings and his heirs in fee simple and one-third to First Wesleyan Methodist Church, Gastonia, N. C., its successors and assigns in fee simple." The effect of this clause, taken in connection with the second article, is to give to the widow and the two sons a vested interest in the

land. An estate is vested when there is either an immediate right of present enjoyment or a present fixed right of future enjoyment. 40 Cyc., 1648.

As a rule any interest in land may be conveyed by deed. In some jurisdictions there are exceptions as to contingent interests; but with us contingent interests and executory devises, distinguishable from mere rights, expectancies, and possibilities, may be transferred. *Watson v. Smith,* 110 N. C., 6; *Kornegay v. Miller,* 137 N. C., 659; *Smith v. Moore,* 142 N. C., 277, 299. *A fortiori* may a vested interest in real estate be regarded as the subject-matter of a conveyance. "If the interest actually is a vested interest it passes to the trustee, as, for instance, vested remainders and inheritances, legacies and devises, if the death of the ancestor or testator occurs before the bankruptcy of the heir, legatee or devisee." 3 Remington on Bankruptcy, sec. 1201.

Under the terms of the will the bankrupt acquired a vested interest in an undivided one-third of the real estate with right of enjoyment at the period fixed for the partition of the property, and a vested remainder in a one-ninth undivided interest. *Power Co. v. Haywood,* 186 N. C., 313; *Witty v. Witty,* 184 N. C., 375. His interest could have been transferred and by virtue of the act passed to his trustee, subject to the terms of the second article in the will.

We have considered only such questions as are included in the exceptions to the judgment.

Error.