GLADYS FISHER, MRS. EDNA F. CANNADY, AND MRS. EDNA F. CAN-NADY, GENERAL GUARDIAN OF ANNA FISHER, A MINOR, AND ELLEN FISHER, A MINOR, v. LOIS RUTH FISHER, AND VICTOR STOUT, GUARDIAN AD LITEM FOR WILLIAM H. FISHER, JR., A MINOR, AND LOIS RUTH FISHER, ADMINISTRATRIX OF THE ESTATE OF W. HOMER FISHER, DECEASED, AND SYDNOR DeBUTTS, TRUSTEE.

(Filed 19 June, 1940.)

1. **Appeal and Error § 49a—**

The decision on a former appeal is the law of the case upon the facts then presented both upon the subsequent hearing and upon subsequent appeal.

2. **Husband and Wife § 4b—It must appear from certificate of officer that deed from wife for husband's benefit was acknowledged as required by statute.**

The finding of the court from oral testimony that a deed executed by husband and wife to a trustee for the benefit of the husband was a part of a properly acknowledged separation agreement dated five days before and acknowledged one day before the deed to the trustee, cannot have the effect of curing defective acknowledgment of the deed to the trustee, since it must appear from the certificate of the officer before whom the deed of trust was acknowledged that it was acknowledged as required by the statute or was a part of the properly acknowledged deed of separation.

3. **Estoppel § 1—A void deed cannot be the basis of an estoppel.**

A husband and wife conveyed lands owned by them by entireties to a trustee for the benefit of the husband, which deed was void because not acknowledged as required by C. S., 2515. *Held:* The void deed does not estop the husband or his heirs from claiming a one-half undivided interest in the lands vesting in him as tenant in common upon the rendition of an absolute divorce.

4. **Trusts § 8c—**

C. S., 1740, merges the legal and equitable titles in the beneficiary of a passive trust, but as to active trusts, the legal title vests and remains in the trustee for the purposes of the trust.

**5. Same—**

A conveyance of property to a trustee with provision that the rents and profits should be paid to the beneficiary or to any person he might designate, but granting power to the trustee to mortgage or sell the property and to reinvest the proceeds of sale, *is held* to create an active trust, and title remains in the trustee, and the beneficiary is without power to require a conveyance to him.

**6. Trusts § 10—Upon death of beneficiary, trust property held to descend to beneficiary's heirs subject to widow's dower.**

A husband and wife executed a deed to lands held by them by entireties to a trustee for the benefit of the husband, which deed was void because not acknowledged as required by C. S., 2515. Thereafter the parties were divorced absolutely, and later the wife and her second husband conveyed the property by quitclaim deed to the same trustee upon the same uses and purposes as set out in the former deed to the trustee, which uses and purposes constituted the trust an active trust. The husband subsequently married for the second time and the trustee conveyed the lands to him and his second wife. Subsequently, the husband died intestate. *Held:* The first deed in trust being void, had no effect, and upon the rendition of the decree of divorce, the husband and wife became tenants in common, each owning a one-half undivided interest, and the quitclaim deed properly executed by the wife and her second husband conveyed her one-half interest for the husband's benefit in an active trust, and therefore the trustee's deed to the husband and his second wife conveyed no interest, since the trustee held the legal title only for the purposes set forth in the deed to him and the husband had no right to demand and the trustee no right to convey to the husband or any person designated by him, and upon the death of the husband the trust terminated, and his heirs take the entire land subject only to the dower rights of his second wife.

APPEAL by defendant Lois Ruth Fisher from *Alley, J.,* at 15 April Term, 1940, of GUILFORD.

Civil action, instituted under C. S., 1743, to quiet title and to remove cloud from title arising from adverse claim of defendant Lois Ruth Fisher that she is surviving tenant of an estate by the entirety in lands in controversy.

The facts alleged in the complaint set forth in the main in the opinion on former appeal pertaining to demurrer to complaint and reported in 217 N. C., 70, 6 S. E. (2d), 812, are here referred to in order that unnecessary repetition may be avoided. These facts are noted: W. Homer Fisher and his first wife, Cleo M. Fisher, owned the lands in controversy as tenants by the entirety. On 16 December, 1931, they entered into a separation agreement which was executed in accordance with C. S., 2515. Five days later, 21 December, 1931, he and she, as husband and wife, joined in the execution of a deed to Sydnor DeButts, Trustee, conveying the lands in question for the use and benefit of W. Homer Fisher. As to this deed, the provisions of C. S., 2515, were not followed. Later,

FISHER *v.* FISHER.

W. Homer Fisher and Cleo M. Fisher were divorced absolutely. Afterward he married defendant Lois Ruth Fisher. And Cleo M. Fisher married Luther D. Hatchell, and on 30 June, 1936, they executed a quitclaim deed to Sydnor DeButts, Trustee, to all right, title and interest they had in the lands in question for the uses and purposes set forth in the former deed from W. Homer Fisher and wife, Cleo M. Fisher, to Sydnor DeButts, Trustee. Thereafter, on 19 May, 1938, Sydnor De-Butts, Trustee, made a deed to W. Homer Fisher and wife, Lois Ruth Fisher, purporting to convey the lands in question. The terms of the several deeds are set forth in the complaint.

W. Homer Fisher died on 14 July, 1938, leaving defendant Lois Ruth Fisher as his widow, and plaintiffs, Gladys Fisher, Mrs. Edna F. Cannady, Anna Fisher, and Ellen Fisher, and the defendant William H. Fisher, Jr., as his only heirs at law.

Upon decision of this Court being certified to Superior Court, Lois Ruth Fisher filed answer in which she admitted all the allegations of fact in the complaint and for further defense makes, in addition to the facts admitted, these pertinent averments: (1) That the deed of 19 May, 1938, from Sydnor DeButts, Trustee, to W. Homer Fisher and Lois Ruth Fisher, who were then husband and wife, conveyed the lands in question to them in fee simple as tenants by the entirety. (2) That W. Homer Fisher and Cleo M. Fisher agreed with each other as to the settlement of all property rights, including the lands in question, as they recited in the deed of separation, but placed the agreement concerning the lands in a separate instrument, to wit: the deed of trust of 21 December, 1931, from them to Sydnor DeButts, Trustee; that the conveyance by this deed of trust was part of the separation agreement and same was considered and passed upon by the clerk; and that in passing upon the separation agreement he found as a fact that the conveyance of said lands to Sydnor DeButts, Trustee, was not unreasonable and injurious to said Cleo M. Fisher. (3) That W. Homer Fisher was estopped, and plaintiffs Gladys Fisher, Mrs. Edna F. Cannady, Ellen Fisher and Anna Fisher, and the defendant William H. Fisher, Jr., as heirs at law and privies of W. Homer Fisher, are estopped by the deed of trust from W. Homer Fisher and wife, Cleo M. Fisher, to Sydnor DeButts, Trustee, to claim the lands in question, and same is pleaded as an estoppel in bar of this action. (4) That by reason of the matters and things averred, defendant is owner and is entitled to possession of said lands, and that plaintiffs and William H. Fisher, Jr., as heirs at law of W. Homer Fisher, have no right or title thereto.

Plaintiff in reply filed denies such material averments of the answer as are not alleged in the complaint. Guardian *ad litem* for William H.

Fisher, Jr., minor, by answer filed, admits all of the allegations of complaint.

On the trial below the parties waived jury trial and agreed that the judge presiding might find the facts and render judgment thereon. Whereupon, the judge found as facts in substantial conformity the facts alleged in the complaint and stated in substance in opinion on former appeal, with these additions thereto: (1) That the deed of trust from W. Homer Fisher and wife, Cleo M. Fisher, to Sydnor DeButts, Trustee, conveyed the entire landed estate of the wife and same "was executed for the purpose of enabling the husband aforesaid to deal with the property as his own, freed from his said wife's interest therein. That, at all times before and after the execution of said trust deed, W. Homer Fisher, the said husband, was and remained in possession of the lands entrusted as aforesaid and collected all rents and profits therefrom and used the same for himself up to and until the time of his death as hereinafter alleged; and at no time did the trustee take possession of the lands entrusted as aforesaid, or take charge thereof, or collect rents and profits therefrom and pay over same to W. Homer Fisher"; (2) that the deed of separation and the deed of trust to Sydnor DeButts, Trustee, together form the separation agreement between W. Homer Fisher and his wife, Cleo M. Fisher; (3) that after W. Homer Fisher and Lois Ruth Fisher were married they lived together in the same house formerly occupied by W. Homer Fisher and wife, Cleo M. Fisher, and family; (4) that after the execution of the original deed of trust of 21 December, 1931, W. Homer Fisher did not execute or deliver a deed of any kind conveying to Sydnor DeButts as trustee or otherwise any interest, title or estate in and to the lands in question, or any part of them, before or after his divorce from Cleo M. Fisher, and whatever title, interest or estate Sydnor DeButts acquired as trustee or otherwise in said lands is fully and completely expressed in the deed of trust of 21 December, 1931, and the so-called quitclaim deed of 30 June, 1936; (5) that in the deed of trust of 19 May, 1938, from Sydnor DeButts, Trustee, to W. Homer Fisher and wife, Lois Ruth Fisher, no other consideration passed or moved between the grantor and grantees for the conveyance of the said lands, except that expressed in the deed of trust; and that among the recitals therein is this: "And, whereas, as part of agreement said W. Homer Fisher and wife conveyed to Sydnor DeButts by deed dated 21 December, 1931, . . . the lands hereinafter described for the sole and separate use and benefit of said W. Homer Fisher with power to sell and convey the same."

Upon these findings of fact the court entered judgment declaring (1) That the plaintiffs Gladys Fisher, Mrs. Edna F. Cannady, Anna Fisher and Ellen Fisher, and the defendant William H. Fisher, Jr., are the

owners of an estate in fee simple in the lands in question and are entitled to the immediate possession thereof; (2) that Lois Ruth Fisher is entitled to such dower right in said lands as may hereafter be allotted to her, and that her claim to a fee simple estate in said lands is a cloud upon the title of the plaintiffs aforesaid and the defendant William H. Fisher, Jr.; (3) that the cloud arising from the claim of Lois Ruth Fisher be and it is removed; and (4) that the plaintiffs recover the costs to be taxed.

Defendant Lois Ruth Fisher appeals from said judgment to the Supreme Court, and assigns error.

*Harry R. Stanley for plaintiffs, appellees.*
*Moseley & Holt and Hoyle & Hoyle for defendant, appellant.*

WINBORNE, J.    This Court held on the former appeal, 217 N. C., 70, 6 S. E. (2d), 812, that the court below correctly ruled that deed from W. Homer Fisher and wife, Cleo M. Fisher, to Sydnor DeButts, Trustee, is void, and conveyed nothing; that the tenancy by the entirety continued to exist between W. Homer Fisher and Cleo M. Fisher, his wife; and that, upon absolute divorce being granted, they became tenants in common, each owning an undivided one-half interest therein in fee simple. To that extent the decision on the former appeal, upon the facts then appearing, constitutes the law of the case, both in the subsequent proceedings in the court below and in this appeal. *Robinson v. McAlhaney,* 216 N. C., 674, 6 S. E. (2d), 517, and cases there cited.

Appellant contends, however, that the factual situation is now different, in that the court below finds as a fact that the deed of separation between W. Homer Fisher and his wife, Cleo M. Fisher, and the deed of trust from them to Sydnor DeButts, Trustee, together form the separation agreement between W. Homer Fisher and his said wife. It appears, however, from the record that this finding of fact is made upon oral testimony, and not from the certificate of the officer before whom the deed of trust was acknowledged as required by the provisions of C. S., 2515, and is, therefore, ineffectual to, and does not, alter the decision on former appeal.

Appellant further contends that W. Homer Fisher was, and that plaintiffs and defendant who are his children and heirs at law are estopped by the said deed of trust to said trustee to claim the lands in question. However, the failure to observe the requirements of the statute makes the deed absolutly void. *Wallin v. Rice,* 170 N. C., 417, 87 S. E., 239, and other cases cited on former appeal. In the *Wallin case, supra,* the Court held that if the deed is void for noncompliance with the statute, the covenant of warranty is likewise void, and will not work as an estoppel.

As indicated by the findings of fact, W. Homer Fisher did not convey to Sydnor DeButts, as trustee or otherwise, the undivided one-half interest which vested in him as tenant in common with Cleo M. Fisher upon the granting of absolute divorce to them, and that he died seized of it. Therefore, title thereto vested in his children as his heirs at law subject to the dower right of his widow.

Now, then, regarding the remaining undivided one-half interest in said land of which Cleo M. Fisher became vested as tenant in common with W. Homer Fisher upon their divorce being granted, the question arises as to the effect of the subsequent deed of 30 June, 1936, from Cleo M. (Fisher) Hatchell and her second husband, Luther D. Hatchell, to Sydnor DeButts, Trustee, in which they conveyed to the trustee, his successors and assigns, all their right, title and interest in the lands in question.

This deed recites in brief that, "Whereas, W. Homer Fisher and wife, Cleo May Fisher, executed to Sydnor DeButts, as trustee, a certain deed . . . therein conveying certain lands . . . upon the trusts and for the uses and purposes set out in said deed . . . and, whereas, the question has been raised as to the technical form and acknowledgment of said form of deed; and, whereas, the grantors herein claim no interest in said lands and desire to correct said former mistake, if such there be." The *habendum* in said deed reads: "To have and to hold said lands and premises . . . to him the said party of the second part as trustee upon the trusts and for the uses and purposes set out in said former deed to him, free and discharged from all right, title, claim or interest of parties of the first part." In the former deed the uses and purposes upon which the land was attempted to be conveyed to the trustee are stated in this manner: "In trust, nevertheless, that the said trustee, or his successors, shall take, hold and manage the said property for the use and benefit of the said W. Homer Fisher, one of the parties of the first part, his heirs, executors or administrators, and the said trustee shall have the absolute discretion and power to sell, mortgage, exchange, convey or dispose of the said property, and reinvest the proceeds of the said sale in such other property as the said trustee may deem advisable, and shall pay the income from the said property, or from the property which may be exchanged for the said property, to the said W. Homer Fisher, or to whomsoever he designates."

As to passive trusts, the statute, C. S., 1740, merges the legal and equitable titles in the beneficiary and converts the beneficial use into legal ownership. But this is not true as to active trusts. *McKenzie v. Sumner,* 114 N. C., 425, 19 S. E., 375; *Perkins v. Brinkley,* 133 N. C., 154, 45 S. E., 541; *Cameron v. Hicks,* 141 N. C., 21, 53 S. E., 728; *Lummus v. Davidson,* 160 N. C., 484, 76 S. E., 474; *Rouse v. Rouse,* 167 N. C.,

208, 83 S. E., 305; *Springs v. Hopkins,* 171 N. C., 486, 88 S. E., 774; *Lee v. Oates,* 171 N. C., 717, 88 S. E., 889; *Cole v. Bank,* 186 N. C., 514, 120 S. E., 54; *Patrick v. Beatty,* 202 N. C., 454, 163 S. E., 572; *Bank v. Sternberger,* 207 N. C., 811, 178 S. E., 595; *Chinnis v. Cobb,* 210 N. C., 104, 185 S. E., 638.

"Where the use is executed by the statute the trustee takes no estate or interest, both legal and equitable estates vesting in the *cestui que trust;* but where the use is not executed, the legal title passes to the trustee." . . . 39 Cyc., 607, quoted in *Lee v. Oates, supra.*

In the deed from Cleo M. (Fisher) Hatchell and husband, being presently considered, as the trustee has no discretion as to payment, but is required to pay over the income from the trust estate to W. Homer Fisher, "or to whomsoever he designates," the trust in that respect is passive, *Fowler v. Webster,* 173 N. C., 442, 92 S. E., 157, and if nothing else appeared the statute, C. S., 1740, would execute the use and vest the whole title in W. Homer Fisher. But as to the *corpus* of the estate, the trustee has active and discretionary duties to perform. In that respect the trust is active. Hence, the use is not converted by the statute. Thus, the trustee took the legal title for the purposes of the trust, and W. Homer Fisher the beneficial title. The extent to which each took title is dependent upon the intention of the grantors as ascertained from the language used. *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356.

When the deed is so considered, the language used clearly indicates the intention of the grantors to quitclaim to the trustee all their right, title and interest in the land, to have and to hold for the use and benefit of W. Homer Fisher upon the trust stated. It is manifest that there is no intention that the title revert to the grantors as in *Land Co. v. Newell,* 185 N. C., 410, 117 S. E., 341. But, patently, the intention is to create a personal trust for the use and benefit of W. Homer Fisher. In that event, there being no limitation over, the trust would terminate at his death and the whole title to the Cleo M. Fisher undivided one-half interest would descend to his heirs at law. *Baker v. McAden,* 118 N. C., 740, 24 S. E., 531.

What, then, is the effect of the deed of 19 May, 1938, from Sydnor DeButts, Trustee, to W. Homer Fisher and his second wife, defendant Lois Ruth Fisher? Bearing in mind that at that time W. Homer Fisher already owned in fee the undivided one-half interest which vested in him by reason of the divorce from Cleo M. Fisher, and the beneficial title to the other undivided one-half interest by virtue of the deed from Cleo M. (Fisher) Hatchell and husband to Sydnor DeButts, Trustee, DeButts, Trustee, held only the legal title to the undivided half interest conveyed by that deed, and that only for the purpose and with the powers set forth in the said deed to him. No right is therein given to him to convey the

legal title to W. Homer Fisher and his wife, Lois Ruth Fisher, for the better carrying out of the trust as is recited in the premises as reason for executing the deed. Nor did W. Homer Fisher possess the right to call upon the trustee to do more than to pay to him or to whomsoever he designated the income from the trust estate. He was given no right to call for a conveyance of the legal title to him or to anyone else. Furthermore, the rights of a purchaser for value and without notice are not here involved.

Hence, by the deed from Sydnor DeButts, Trustee, W. Homer Fisher and his wife, Lois Ruth Fisher, acquired no title either as tenants by the entirety, as tenants in common, or otherwise, to the land in question.

The trust terminated upon the death of W. Homer Fisher, and the title to the whole of the land descended to his children as his heirs at law, subject to the dower right of his widow. *Baker v. McAden, supra.*

The judgment below is
Affirmed.