ELMUS COLE v. OXFORD SAVINGS BANK AND TRUST COMPANY.

(Filed 28 November, 1923.)

**1. Trusts—Wills—Devises—Active Trust—Corpus of Fund.**

A devise to another of the interest on a certain sum of money to be collected and paid over to the testator's son during his life, and at his death the designated sum to be paid in certain proportions to certain persons designated, is not construed as the intent of the testator of a gift of the *corpus* of the fund to the first taker, but only that it be invested and the income thereof paid to him for his life.

**2. Same.**

Where there is a special duty to invest funds and pay the interest to another during his life, an active trust is created for the collection and application of the income, it being required that the trustee hold the legal title for the performance of his duties.

**3. Same—Contracts—Beneficiaries.**

Where the testator creates an active trust for the investment of a fund and the payment of the interest thereon to the son for life, directing a distribution after his death in certain proportions to designated beneficiaries, an agreement among the beneficiaries that the son shall have the *corpus* of the fund will not affect the trust created by the original owner of the funds.

**4. Same—Residuary Clauses.**

Where an active trust is created in a certain item of a will for the payment of interest on a certain fund by the trustee to the testator's named son for life, and at his death to certain beneficiaries, and by a residuary clause the undisposed-of property shall be divided among these beneficiaries in the same proportion as designated in the former item, specifically referring to it, the testator's intent is construed as giving to his son his part of the residue upon the same condition or with the same status as the specified sum therein—*i. e.*, the income for his life, etc.

APPEAL from *Bond, J.*, at April Term, 1923, of GRANVILLE.

Haly F. Cole made his will, directing that all money belonging to his estate be collected, his remaining property converted into cash, and his debts paid. In Item 2, to his daughters, his sons, one brother and certain grandchildren, he made certain bequests of money, one of which is the following:

"To my son, E. F. Cole, I will and bequeath the income from the sum of six hundred dollars, to be paid to him as follows: I will and direct that said sum of $600 be placed at interest in the Oxford Savings Bank and Trust Company, and the interest therefrom paid to him annually by said bank during his natural life; after his death I direct that said sum of $600 shall be distributed among the other legatees of my estate named herein in the proportions they severally share in said estate."

Item 3 follows: "All the rest and residue of my property, after the payment of debts and charges of administration and of the legacies above provided for, I will and bequeath and direct shall be divided between my children, brother and grandchildren named in the second paragraph hereof in the proportion that the specific bequest to each of said children, brother and grandchildren, as set out in said paragraph 2, bears to the whole amount of money so bequeathed to them, that is to say, any remainder after said payments shall be divided between said children, brother and grandchildren, so as to preserve the same relative proportions in the distribution of said remainder as exist between the bequeaths made in the second paragraph hereof."

Seven of the legatees signed this paper:

"We, the undersigned heirs at law and devisees of H. F. Cole, hereby give and deliver to our brother, Elmus Cole, all of the property devised to us by our father by Items 2 and 3 of his will. We hereby intend to give our said brother our fee-simple interest in the property devised by our father to him for his life with the remainder to us in fee, which amounts to about $600 or $800."

Upon the pleadings and the evidence, the controversy involved the construction of the will; and his Honor held that the plaintiff was entitled to recover seven-tenths of the $600 deposited in the bank under Item 2 (h) and seven-tenths of $284.40 deposited in the bank under the residuary clause. The defendant excepted and appealed.

*T. Lanier for plaintiff.*
*Royster & Royster for defendant.*

ADAMS, J. In the contested clause it is provided that the bank shall pay the legatee annually during his natural life the "income," that is, the interest on the sum of $600, and after his death shall distribute the principal among the other legatees named in the will. The general rule is that a gift of the income of property is to be regarded as a gift of the property itself only when no limitation of time is attached; but where a testator directs that the interest on a sum of money be paid to a designated beneficiary annually during his natural life, and that after his death the principal shall be distributed among other legatees, the legacy is construed, not as a gift to the first taker of the *corpus* of the fund, but only of the income for the intermediate period. 28 R. C. L., 246, sec. 214; *In re Smith,* 27 A. S. R., 587.

The testator obviously intended that the principal sum should be invested during the life of the plaintiff and distributed after his death. In effect he appointed the Oxford Savings Bank and Trust Company a trustee with specific directions as to the manner in which the trust

should be executed. Perry says: "Any agreement or contract in writing, made by a person having the disposal over property, whereby such person agrees or directs that a particular parcel of property or a certain fund shall be held or dealt with in a particular manner for the benefit of another, in .a court of equity raises a trust in favor of such other person against the person making such agreement, or any other person claiming under him voluntarily or with notice." Trusts and Trustees, sec. 82. If ·a special duty be imposed upon the trustee, such, for example, as the collection and application of the income or the rents and profits of the estate, the trust is called "active," because the trustee must have the legal title in order to· perform his duties. *Lummus v. Davidson,* 160 N. C., 484; *Rouse v. Rouse,* 167 N. C., 208; *Fowler v. Webster,* 173 N. C., 442. Under these circumstances the agreement relied on by the plaintiff cannot destroy the trust and deprive the bank of its right to hold 'and disburse the fund described in Item 2 (h) of the will as therein provided.

We think the same conclusion is applicable to the residuary clause, in which. it was provided that all the residue of the property should be divided among the legatees named in the second item in the proportion that the specific bequest to each of them bears to the whole amount given them. In Item 2 no part of the *corpus* of the estate was bequeathed to the plaintiff, and we think it was the testator's intention to give to the plaintiff during his lifetime the annual income or interest to be derived from the amount deposited in the bank under the residuary clause ($284.40) in like manner with the provision in Item 2 (h) of the will.

For the reasons assigned the judgment is

Reversed.