E. D. LATTA, JR., EXECUTOR AND TRUSTEE OF THE ESTATE OF EDWARD D. LATTA, SR.; AND EDWARD D. LATTA, JR., INDIVIDUALLY, v. TRUSTEES OF THE GENERAL ASSEMBLY OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES, AND THE PRESBYTERIAN FOUNDATION, INC.; ASHEVILLE MISSION HOSPITAL; NORTH CAROLINA ORTHOPEDIC HOSPITAL; ACTON LATTA PORCHER AND HUSBAND, WILLIAM H. PORCHER; WILLIAM H. PORCHER, JR.; HARRIET PORCHER; JEANIE LEA FARGASON AND HUSBAND, JOHN T. FARGASON; AND THE UNBORN CHILDREN AND GRANDCHILDREN OF MRS. ACTON LATTA PORCHER, AND OF EDWARD D. LATTA, JR.

(Filed 4 May, 1938.)

1. **Executors and Administrators § 21—Evidence held to disclose that payment was made to beneficiary from estate.**

The evidence disclosed that a check to testator's daughter was endorsed by her and delivered to testator's widow by the trustee under the will, in order to save interest, and that the widow gave the trustee a receipt stating that the amount was received on account of her interest in the estate. *Held:* The evidence discloses that the amount was paid the widow as a

beneficiary under the will, and her contention that the transaction was a personal transaction between herself and daughter in which the court had no interest, is untenable.

**2. Executors and Administrators § 9—Court has jurisdiction to direct administration of trust estates and to protect interests of minors.**

In the distribution of a trust estate under a family agreement, containing a provision for the retention of a certain sum by the trustee to pay annuities to minors as directed in the will, the court has plenary jurisdiction to direct that no further sums be paid the beneficiaries under agreement for the distribution of the estate until funds fully sufficient to protect the interests of minor beneficiaries are received by the trustee from the estate and placed in the trust estate for the minors, the order being in the jurisdiction of the court over the administration of a trust estate and in its power to protect the interests of minors.

**3. Executors and Administrators § 24—**

An agreement of certain devisees for the distribution of their shares in a trust estate merely affects the method of the distribution of the *corpus* of the estate, and the estate remains a trust estate to be administered by the executor and trustee subject to control and power of modification by the court.

**4. Same—**

The agreement of certain devisees for the distribution of their shares in the trust estate *is held* to show the intent of the parties that the funds were to be distributed in installments ratably in proportion to the interest of each devisee under the agreement.

**5. Infants § 1—**

In a sense the courts are the supreme guardians of all infants, and in all suits or legal proceedings the powers of a court of chancery may be invoked to protect both their personal and property rights, and, when necessary, the courts will act *ex mero motu* to afford them protection.

**6. Executors and Administrators § 24—In distribution of estate under family agreement court should order executor to retain funds amply sufficient to guarantee payment of annuities to infants.**

Certain devisees under the will made a contract for the distribution of their shares in the trust estate, which agreement was approved by the court, with direction that the trustee retain a certain sum to guarantee the payment of annuities to certain minors as directed by the will. *Held:* The court should have heard the guardian of the minors upon the question of whether the amount ordered to be reserved was sufficient to guarantee the payment of the annuities to the minors, and the judgment is modified and affirmed in order that the court may investigate and order set apart in trust funds amply sufficient to guarantee to the infants their legacies under the will before any further disbursement of the *corpus* of the estate is made to any person.

**7. Same—Wills § 33e—Annuities to beneficiaries not parties to agreement for distribution of trust estate, constitute a charge on whole estate.**

Certain devisees entered an agreement for the distribution of their shares in the trust estate set up by the will, which agreement was approved by the court in proceedings duly instituted, in which certain annuitants were not parties. *Held:* The annuitants take under the

will and not under the agreement, and their rights, in effect, constitute a charge on the whole estate, and the court should order adequate trust provisions to be made to guarantee sufficient funds for the payment of the annuities.

Seawell, J., took no part in the consideration or decision of this case.

Appeal by defendants Jeanie Lea Fargason, John H. Small, Jr., guardian *ad litem* for William H. Porcher, Jr., and Harriet Porcher, and E. J. Hanson, guardian *ad litem* for the unborn children of William H. Porcher, Jr., and Harriet Porcher.   Modified and affirmed.

This is a proceedings instituted by the plaintiff executor and trustee of the estate of Edward D. Latta, Sr., in which he seeks the advice and direction of the court in the administration of the estate committed to his charge.

Edward D. Latta, Sr., died in July, 1925, leaving a last will and testament and codicils thereto, which were duly probated and in which the plaintiff was named executor and trustee.   The testator, after making certain specific bequests and devises, minor in nature when compared to his estate as a whole, devised all of the residuum of his estate to E. D. Latta, Jr., as trustee, to manage and control the estate and out of the income pay certain annuities as follows: To his widow, Jeanie Lea Fargason, $1,500 per month during her life; to his daughter, Acton Latta Porcher, $1,500 per month during her natural life; to William H. Porcher, Jr., when and after he shall reach the age of 16 years and until he shall reach the age of 30 years, the sum of $3,000 annually, and upon his arrival at the age of 30 years $50,000, to be his absolutely; to any other child born to Acton Latta Porcher, who shall arrive at the age of 16 years, $3,000 annually from and after such child shall arrive at 16 years of age and until it shall arrive at the age of 30, at which time said trustee shall pay said child $50,000; the said Acton Latta Porcher now has a second child, Harriet Porcher, 14 years of age, who is entitled to the benefits of this provision; Elizabeth C. Handley, Emma C. Drayton and Paul McCorkle $75.00 per month each during their respective lives, and Mrs. Carrie T. Johnson $50.00 per month during her natural life.   There were other annuities for stated periods which are not material here; also annuities were provided for any unborn child of Edward D. Latta, Jr., and of Acton Latta Porcher.   The court below held that these latter devises of annuities were void as being in violation of the rule against perpetuities.   The will provided that in the event a child or children of Acton Latta Porcher should die before reaching the age of 30 years, leaving child or children surviving, the annuity of said child should be paid over in equal shares to his or her surviving children until such child or children reach the age of 20 years, at which time the *corpus* of the bequest to his, her or their deceased parents should vest in such surviving grandchild or grandchildren in equal shares.

The will and codicils then provide that all the rest and residue of the income from the residuum of the estate, including that which reverts upon the death of testator's wife and daughter and other legatees and devisees, should be paid annually: one-fourth to the trustees of the General Assembly of the Presbyterian Church in the United States; one-half to the Mission Hospital of Asheville, N. C.; and one-fourth to the Orthopedic Hospital of Gastonia, N. C. The will further provided that after the trustee had fully administered said trust the said trustee or his successor should turn over the *corpus* of the residuum of said estate to said institutions.

Acton Latta Porcher having refused to accept the benefits provided for her in said will and having threatened to caveat the same, she and her step-mother, Jeanie Lea Fargason, the trustees of the General Assembly of the Presbyterian Church, the North Carolina Orthopedic Hospital, Asheville Mission Hospital, and Edward D. Latta, Jr., individually and as executor and trustee, entered into a written agreement in which a distribution of the *corpus* of the estate in lieu of the annuities to said parties to said agreement is provided for as follows: (1) 27½ per cent to the Asheville Mission Hospital; (2) 13¾ per cent to the trustees of the General Assembly of the Presbyterian Church in the United States and the Presbyterian Foundation, Inc.; (3) 13¾ per cent to the N. C. Orthopedic Hospital; (4) 22½ per cent to Mrs. Jeanie Lea Fargason until she has been paid the sum of $325,000, with interest; and (5) the remainder of the said net estate to Acton Latta Porcher, or her legal representatives, except that out of her part of said estate said trustee shall pay the annuities given in said will, other than the annuity given to Jeanie Lea Fargason and the annuity given to Acton Latta Porcher. The agreement further provides that the rights of the grandchildren and great-grandchildren of the testator, annuitants under his will, shall be adjudicated by the court in an action to be instituted, and that so much of such part of said estate to be set aside for Mrs. Porcher as the court shall deem proper shall be held in trust by the said E. D. Latta, Jr., for the benefit of said grandchildren; provided, that said trustee shall annually or oftener pay over to Mrs. Porcher so much of the income from the property so held in trust by him as shall remain in his hands after making such payments to said grandchildren as shall be required by the terms of said decree, and provided further that any part of said trust estate which shall remain in the hands of said trustee after the rights of said grandchildren as fixed by such decree shall have been satisfied shall be transferred and delivered to Mrs. Porcher or her legal representatives absolutely.

The parties to said agreement, in consideration of the terms of said agreement, expressly waive their respective rights to the annuities given in the will.

Pursuant to said agreement, the plaintiff instituted this proceedings and, in his petition filed, fully sets out the facts and requests the court to advise and direct him: (1) As to whether the bequests made to the great-grandchildren of the testator upon the contingency therein set forth are void as being in violation of the rule against perpetuities; (2) as to whether the bequests made to the unborn children of the testator's daughter, Acton Latta Porcher, and the unborn children of E. D. Latta, Jr., are likewise void as being in violation of the rule against perpetuities; and (3) as to whether the contract referred to is a valid and binding obligation between the parties thereto and as to whether the court would authorize and instruct the petitioner to carry out the terms and provisions thereof in final settlement, division and distribution of the net residuum of income and *corpus* of said estate as being in substantial compliance with the spirit and intention of the testator's will.

Thereupon, at the December Special Term, 1927, Mecklenburg Superior Court, Harding, J., entered a decree, after hearing the evidence offered, in which the said agreement was ratified and approved, the devise of annuities to unborn grandchildren and great-grandchildren other than the children of W. H. Porcher, Jr., and Harriet Porcher are adjudged to be void, and the trustee is directed to observe and comply with the terms of said agreement in the settlement of said estate.

In this decree there is no provision made for the protection of the annuitants under the will of the plaintiff's testator other than the children of Acton Latta Porcher. As to them it is provided that out of the share allotted to Mrs. Acton Latta Porcher under said agreement the sum of $125,000 shall be retained by the trustee in trust for the use and benefit of William H. Porcher, Jr., and Harriet Porcher, to be paid over to them or to their children, as the case may be, as provided in said will. It then provided that the trustee shall annually or oftener pay over to Mrs. Porcher so much of the income from the funds so held in trust by him as shall not be required to make the payments to said beneficiaries.

The cause was retained for other and further decrees.

Thereafter, the plaintiff filed a supplemental petition in which the former proceedings are fully recited and the status of the estate at the time of the petition is fully set forth. This petition likewise discloses that substantially all of the liquid assets of the estate have been distributed among the parties to said agreement and that the assets now remaining on hand are composed almost entirely of unimproved, unproductive and nonsalable real estate. The purpose of the petition was to request further time in which to settle said estate.

Mrs. Porcher, answering, admitted the allegations of the petition and set up by way of further answer that the trust fund for her children had

not been created; that in the distribution of the estate $81,450 payable to her under the agreement had been paid to Mrs. Fargason, with her consent, as an advancement to protect her share against the payment of interest, and that she had been charged with interest on sums paid to annuitants under the will. She prayed that the court order the trustee to make no further distribution to Mrs. Fargason until there had been restored to her share the said sum of $81,450, so that it may be used in the establishment of the trust fund for her children, and that the trustee be directed to charge no interest against her share on the annuity payments made in the past, or those to be made in the future.

The defendant Jeanie Lea Fargason replied to the further answer of Mrs. Porcher, setting out fully the terms of the agreement, the disbursements made under the agreement and alleging that the payment of $81,450 to her was made by Mrs. Porcher as a personal transaction between them, with which neither the trustee nor the court was concerned, and praying that no order be made adversely affecting her right to future payments in the distribution of the estate.

John A. Small, Jr., guardian *ad litem* for William H. Porcher, Jr., and Harriet Porcher, and E. J. Hanson, guardian *ad litem* for the unborn children of William H. Porcher, Jr., and Harriet Porcher, answering, admit the allegations of the petition and set forth the terms of the agreement, the nature and amounts of the devises to their wards, and the failure of the trustee to retain the trust fund ordered by the court for the protection of their wards; and in detail further prayed orders of the court to protect their wards, including the requirement that the payment of $81,450 be restored to the estate by Mrs. Fargason to be used in the creation of said trust fund.

Thereupon the court entered its decree, setting forth the facts which show that $550,000 of the estate has been disbursed among the parties to said agreement and that only $6,358.24 has been set apart for the protection of the infants involved, and adjudging (1) that the trustee should make no further payment to Mrs. Fargason until the sum of $81,450 has been restored to the share of Mrs. Acton Latta Porcher from funds which, except for the payment of said sum, would be available for distribution to Mrs. Fargason, and directing the trustee to set apart the trust fund provided in the first decree for the benefit of the infants; (2) directing the trustee to charge no further interest to Mrs. Acton Latta Porcher on account of payment of annuities from the general funds. The court declined to pass upon the question raised by the guardian *ad litem* as to whether or not the sum of $125,000 is an adequate trust fund at this time to protect the interest of the infants. The defendants Jeanie Lea Fargason, John H. Small, Jr., guardian *ad litem,* and E. J. Hanson, guardian *ad litem,* each excepted and appealed.

*Cansler & Cansler* for plaintiff *Edward D. Latta, Jr., Trustee, appellee.*

*W. S. O'B. Robinson and John M. Robinson* for *Acton Latta Porcher, defendant, appellee.*

*Parker, Bernard & Parker* for Mrs. *Jeanie Lea Fargason, defendant, appellant.*

*John H. Small, Jr.,* guardian ad litem of *William H. Porcher, Jr., and Harriet Porcher;* and *E. J. Hanson,* guardian ad litem of the unborn children of *William H. Porcher, Jr., and Harriet Porcher, defendants, appellants.*

BARNHILL, J. Mrs. Fargason excepts to so much of the judgment as prohibits the distribution to her of any further portion of the estate until the payment of $81,450 made to her out of the share of Mrs. Porcher is restored upon the theory that the court was without jurisdiction to make such order for the reason that the payment of said sum to her was a personal transaction between her and Mrs. Porcher. This exception cannot be sustained. The record discloses that check for said sum was issued to Mrs. Porcher, endorsed by her, and delivered to Mrs. Fargason by the trustee as an advancement upon Mrs. Fargason's share under the agreement, to save the payment of interest, and that Mrs. Fargason gave her receipt to the trustee in acknowledgment of the payment of said sum "on account of my interest in the estate of Edward D. Latta." The order of the judge is fully sustained by the facts appearing of record and found by him. The court had full jurisdiction, both by reason of the fact that this proceeding relates to the administration of a trust estate and it involves the interest of infants, over each of which the court has full equity jurisdiction.

The agreement entered into by certain of the devisees under the will of plaintiff's testator merely affects the method of the distribution of the *corpus* of the estate. Under the terms of the will and the provision of the contract it remains a trust estate, to be administered by the plaintiff, executor and trustee. Mrs. Fargason's exceptive assignments of error based upon the contention that the distribution is to be made under the terms of the contract and not under the terms and provisions of the will, and that the contract is binding and cannot be modified or in anywise disturbed by the court, are without merit.

While the agreement does not specifically state that payments under the agreement are to be made to the parties thereto ratably in proportion to the interest of each of such parties under the agreement, it clearly appears from the agreement as a whole that this was the intent of the parties. Distributions were made on three separate occasions on that basis without exception on the part of either person interested. It was not error for the court below to base its order upon the theory that in the distribution to the parties to said agreement there was to be equality

in the amounts to be received by such parties in the ratio of their respective interests in the estate. As to the interest of Mrs. Fargason, there is no error in the decree.

The failure of the court below in any of its decrees to make adequate provision for the protection of the annuitants under the will other than the Porcher children, and the questions presented by the appeal of the guardians *ad litem* give us more concern.

From our earliest history infants have been regarded as entitled to the especial protection of the State and as wards of the court. In a sense courts of chancery are the supreme guardians of all infants and are charged with the protection alike of their personal and property rights. The State is *parens patriæ* of the infants within its borders and the jurisdiction of its courts to protect the interest of infants is broad, comprehensive and plenary. In all suits or legal proceedings of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary to fully protect such rights. When necessary the courts will go so far as to take notice *ex mero motu* that the rights of infants are endangered and will take such action as will properly protect them. Speaking to the subject in *Bank v. Alexander,* 188 N. C., 667, *Adams, J.,* says: "It is unquestionable that courts of equity have general jurisdiction over the property of infants and that infancy alone is sufficient to sustain the right of supervision. The jurisdiction in all cases is complete and may be exercised in order to afford relief wherever it may be necessary to preserve and protect the estates and interests of those who are under age." And in 10 R. C. L., 340, sec. 89, it is stated: "Equity has full and complete jurisdiction over the persons and property of infants and all other persons laboring under legal disabilities. . . . The jurisdiction in all these cases is plenary and potent to reach and afford relief in every case where it may be necessary to preserve their estates and protect their interests."

While under the will of the testator practically all of his estate was to be held in trust, under the agreement entered into by certain of the devisees and the decree of the court, only $125,000, out of an estate valued at more than two million dollars, is to be reserved in trust to protect the infant parties to this proceeding. At the time this order was made it may have then appeared that said sum was fully sufficient for that purpose. It is now a matter of common knowledge, however, that under present conditions the securities in which a trustee is authorized to invest trust money will not produce a net return sufficient to guarantee the payment of the annuities accruing to these infants and the other annuitants. They take under the will and not under the agreement. Those who are *sui juris* having elected to substitute, by agreement, a different mode of payment to them of their interest in the estate, the rights of these infants and the other annuitants in effect constitute a

charge upon the whole estate. It is the duty of the court to require the segregation in the hands of the trustee assets unquestionably adequate to protect their interests.

Although it appears that practically all of the liquid assets of this estate have been disbursed and that practically nothing now remains except unproductive real estate, only the sum of $6,358.24 has been retained in the trust fund created by order of the court. It was error for the court to decline to consider the petition of the guardians *ad litem* in this respect. The judgment below should be modified so as to provide that the trustee shall retain out of the *corpus* of the estate as a whole an amount which the court shall find to be amply sufficient to be set apart in trust to guarantee to these infants their legacies under the will before any further disbursement of the *corpus* is made to any other person.

The record discloses that there are four annuitants, other than the Porcher children, who were not parties to the agreement. These annuitants have not been made parties to this proceeding. It appears that the only provision made for their protection is contained in the agreement, which provides that the trustee shall pay these annuities out of the portion of the estate to be paid to Mrs. Acton Latta Porcher. At the same time the agreement and the decree of the court provide that Mrs. Porcher shall receive all of her share except the $125,000 to be set apart for the benefit of the Porcher children. We do not consider that adequate trust provisions have been attached to the portion of said estate payable to Mrs. Acton Latta Porcher to protect these annuitants. These parties likewise take under the will and not under the agreement and their right is against the whole estate. Adequate provision should be made for their protection. The court below, after adequate investigation, will enter judgment modifying the decree entered in accordance with this opinion.

Modified and affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.