CLARENCE R. DEAL (CHILD, DEVISEE AND HEIR AT LAW OF C. J. DEAL, DECEASED) AND WIFE, CARLOTTA R. DEAL; JAMES F. DEAL (CHILD, DEVISEE AND HEIR AT LAW OF C. J. DEAL, AND BROTHER OF CLARENCE R. DEAL) AND WIFE, NENA WHITE DEAL; ARTHUR L. DEAL (CHILD, HEIR AT LAW AND DEVISEE OF C. J. DEAL, AND BROTHER OF CLARENCE R. DEAL) AND WIFE, HATTIE DEAL; MABEL F. (DEAL) AULL (CHILD, HEIR AT LAW AND DEVISEE OF C. J. DEAL, AND SISTER OF CLARENCE R. DEAL) AND HUSBAND, W. B. AULL, v. THE WACHOVIA BANK & TRUST COMPANY, EXECUTOR OF THE WILL OF C. J. DEAL, DECEASED, AND THE WACHOVIA BANK & TRUST COMPANY, TRUSTEE OF THE ESTATE OF C. J. DEAL, DECEASED, UNDER HIS WILL; AND JAMES F. DEAL, JR., AND WIFE, VADA DEAL; ELIZABETH DEAL McKNIGHT, AND HUSBAND, J. G. McKNIGHT, CHILDREN OF JAMES F. DEAL, AND WIFE, KATE PETERSON DEAL, AND CONTINGENT REMAINDERMEN OR REVERSIONERS OR EXPECTANTS UNDER THE WILL OF C. J. DEAL; AND SARAH AULL SMITH AND HUSBAND, KLINE H. SMITH; EILEEN AULL COVINGTON AND HUSBAND, HOWARD E. COVINGTON; MARGARET AULL LESEMANN, AND HUSBAND, T. BALLARD LESEMANN; MABEL AULL (UNMARRIED); HELEN AULL (UNMARRIED); ROWENA AULL (UNMARRIED); WILLIAM D. AULL (UNMARRIED) AND ARTHUR H. AULL (UNMARRIED), CHILDREN OF MABEL DEAL AULL AND HUSBAND, W. B. AULL, AND CONTINGENT REMAINDERMEN, REVERSIONERS OR EXPECTANTS UNDER THE WILL OF C. J. DEAL; AND MARY DEAL BOST AND HUSBAND, IRA BOST; HUGH L. DEAL AND WIFE, LILLIE MAE DEAL; MABEL DEAL (UNMARRIED); CARL DEAL AND WIFE, ANNIE GRAHAM DEAL, CHILDREN OF ARTHUR L. DEAL AND WIFE, HATTIE DEAL, AND CONTINGENT REMAINDERMEN OR REVERSIONERS OR EXPECTANTS UNDER THE WILL OF C. J. DEAL, DECEASED; AND THE FOLLOWING AS CHILDREN, HEIRS AT LAW OF SILAS A. DEAL, DECEASED, HE BEING A CHILD, HEIR AT LAW, DEVISEE AND LEGATEE UNDER THE WILL OF C. J. DEAL, AND THEY BEING CONTINGENT REMAINDERMEN, REVERSIONERS OR EXPECTANTS RELATIVE TO THE DEVISE, ETC., TO CLARENCE R. DEAL, SAID CHILDREN OF SILAS A. DEAL BEING AS FOLLOWS: ROY DEAL (UNMARRIED); WALTER DEAL AND WIFE, MARGARET DEAL; LOUISE DEAL MONROE AND HUSBAND, JAMES MONROE, AND ARNOLD DEAL (UNMARRIED) AND GEORGE R. UZZELL, GUARDIAN AD LITEM OF WILLIAM D. AULL AND ARTHUR H. AULL; AND C. P. BARRINGER, GUARDIAN AD LITEM OF ALL UNBORN ISSUE OF CLARENCE R. DEAL, JAMES F. DEAL, ARTHUR L. DEAL, MABEL DEAL AULL AND CLAUDE F. DEAL, WHO IN THE FUTURE MIGHT QUALIFY AS HEIRS AT LAW, CHILDREN OR NEXT OF KIN, EITHER AS REMAINDERMEN, REVERSIONERS OR EXPECTANTS UNDER THE WILL OF C. J. DEAL, DECEASED, AND AS CHILDREN OR HEIRS AT LAW OF CLARENCE R. DEAL, JAMES F. DEAL, ARTHUR L. DEAL, MABEL DEAL AULL, CLAUDE F. DEAL AND SILAS A. DEAL, WHO WERE NAMED AS DEVISEES AND LEGATEES AND CHILDREN OF C. J. DEAL IN HIS WILL, AND ARTHUR L. DEAL, ADMINISTRATOR OF CLAUDE F. DEAL, THE SAID CLAUDE F. DEAL HAVING BEEN JUDICIALLY DECLARED DEAD, AND WITHOUT ISSUE, ACCORDING TO A DECREE OF COURT FILED IN THE CLERK'S OFFICE OF ROWAN COUNTY.

(Filed 20 November, 1940.)

**1. Trusts § 8c—**

The legal and equitable titles are merged in the beneficiary of a passive trust; but as to active trusts the title vests and remains in the trustee for the purposes of the trust.

**2. Same——Trust held an active trust and legal and equitable titles do not merge in beneficiary.**

A devise and bequest of property to a trustee with direction that the income therefrom be paid to a named beneficiary for life, and at his death to his children, share and share alike, with further provision that the share of each child should be paid him in fee upon his majority and that if the first taker should die without children him surviving the property should revert to the estate, *is held* to create an active trust requiring the trustee to hold the property and pay over the income and finally distribute the *corpus* of the estate in accordance with the terms of the trust, and the legal and equitable titles do not merge in the first taker.

**3. Executor and Administrator § 24—Family settlement doctrine held inapplicable in this case.**

The will in question created an active trust with clear and explicit direction that the income from the property should be paid the first beneficiary for life and at his death to his children until they reached their majority, and that then the *corpus* of the estate should be paid them, with contingent limitation over for reversion to the estate in the event the first beneficiary should die without issue him surviving. Living children of the testator relinquished their contingent interest and agreed that the first beneficiary should take the property in fee and that the trust should be terminated. Minor contingent beneficiaries received no consideration for the purported settlement and did not join in the request for the relief sought. *Held:* The family settlement doctrine is not applicable.

**4. Death § 1—**

Where a person is absent for a period of seven years without being heard from by those who would naturally be expected to hear from him if he were alive, he will be presumed dead at the end of the seven years, but the presumption is rebuttable.

**5. Same—**

The presumption of death after seven years absence raises no presumption that the absent person died without children him surviving.

**6. Infants § 15—**

A guardian *ad litem* has no authority, without valid consideration, to relinquish to the immediate beneficiary of the estate the contingent interest of infant defendants in the estate, notwithstanding that their parents having a more immediate contingent interest in the estate, had assigned and conveyed such interest to the immediate beneficiary.

**7. Trusts § 11—Release signed by contingent beneficiaries cannot destroy active trust, and judgment that trustee should continue to hold the property for the purposes of the trust, is upheld.**

Testator devised the property in question to a trustee with direction that the income therefrom be paid to one of his sons for life, and at his son's death to his son's children, share and share alike, until each should reach his majority when each should be paid his share of the *corpus* of the estate in fee, with further provision that in the event the first bene-

ficiary died without issue him surviving, the property should go back to the estate. One of the testator's children was declared legally dead upon the presumption arising from seven years absence, but his children, if any, were not made parties. Other children of the testator assigned, transferred and conveyed to the first beneficiary their contingent interest, and the guardian of the minor children of one of testator's children relinquished by answer his ward's interest, and joined with him in his action to have the trust terminated and the *corpus* paid to him. The minor contingent beneficiaries and those not *in esse* were represented by guardian *ad litem*, and the guardian *ad litem* filed answer admitting the allegations of the complaint and asking that the court enter such judgment as might be proper. Upon failure of the other defendants, except the trustee, to file answer, judgment was entered against all defendants except the trustee decreeing that they were forever estopped from claiming any interest in the estate. *Held:* The releases signed by the children of testator and the guardian of the children of the deceased child cannot have the effect of destroying the trust, and judgment of the lower court in favor of the trustee that the trust should not be terminated but that the trustee should continue to hold the property for the purposes of the trust, is upheld.

APPEAL by plaintiffs from *Phillips, J.,* at May Term, 1940, of ROWAN.

Civil action instituted by and on behalf of Clarence R. Deal for the termination of testamentary trust for his benefit for life, created under the will of C. J. Deal, deceased.

The controversy centers around these provisions of the will of C. J. Deal: The Wachovia Bank & Trust Company is appointed "as executor" thereof, and "as trustee of certain parts of my estate as hereinafter set forth." Then after making certain bequests and devises, the testator devised and bequeathed "all the remainder of my property, real, personal or mixed," to the Wachovia Bank & Trust Company, as trustee, upon designated trusts, pertinent portions of item three of which reads: "3. At the death of my wife, to distribute all my property, real and personal, . . . as follows: . . . Of the residue, which shall be divided into six equal parts: . . . One-sixth to be held in trust upon the following conditions: All income to be paid to my son, Clarence R., during the term of his natural life, and at his death, if he leaves children alive and surviving him, the income to be paid to them, share and share alike, until each reaches the age of 21 years. As each reaches the age of 21 years, its part shall be paid to it in fee simple. If either dies before reaching the age of 21 years, its share shall go to the others. If none reaches the age of 21 years, said one-sixth shall revert to my estate. If my son, Clarence R., dies, leaving no children alive and surviving him, said one-sixth shall revert to my estate and be divided among my other children hereinbefore mentioned, or their heirs or representatives, as herein provided."

A like provision in almost identical verbiage is made for the benefit of his son, Claude F. Deal.

The will was duly admitted to probate in Rowan County. The Wachovia Bank & Trust Company qualified as executor thereof and afterwards duly administered the estate and duly filed its final account, and then qualified as trustee as provided in said will with regard to the trusts for the benefit of Clarence R. Deal and Claude F. Deal, respectively, as above set forth.

C. J. Deal left surviving him, his wife, Sarah J. Deal, who is now dead, and the following children: Arthur L. Deal, James F. Deal, Mabel Deal Aull, Silas A. Deal, Claude F. Deal, and Clarence R. Deal.

Arthur L. Deal, James F. Deal and Mabel Deal Aull are married and each has children. Silas A. Deal died intestate leaving children.

In 1923, Claude F. Deal, who was then married but had no children, with his wife left the city of Charlotte, and the State of North Carolina, where they resided, and has not "been heard of since the said date," and, by order of the clerk of the Superior Court of Rowan County, dated 7 December, 1936, has been declared to be civilly dead, and Arthur L. Deal was appointed administrator of the estate of Claude F. Deal.

Clarence R. Deal, who is married but has no children, joined by his wife, and Arthur L. Deal and wife, James F. Deal and wife, and Mabel Deal Aull and her husband, children, devisees, and heirs at law of C. J. Deal, deceased, instituted this action against the Wachovia Bank & Trust Company, as executor and trustee under the will of C. J. Deal, deceased, and against all of the present living children of Arthur L. Deal, James F. Deal, Mabel Deal Aull and Silas A. Deal, deceased, and against the unborn children, if any, of Arthur L. Deal, James F. Deal, Mabel Deal Aull, Claude F. Deal and Clarence R. Deal, and against Arthur L. Deal, as administrator of the estate of Claude F. Deal, for these purposes: 1. To remove and set aside the trust provided under the will of C. J. Deal for the benefit of Clarence R. Deal, as above set forth, upon the ground that it is "void, naked and passive" and to require the Wachovia Bank & Trust Company, trustee, to deliver to him, divested of any trust, all property received by it under the will of C. J. Deal for his benefit. 2. In view of the fact that his brothers and sister, who have joined as plaintiffs in this action, have assigned, transferred and conveyed to him all of their right, title and interest in and to the property held by the defendant, Wachovia Bank & Trust Company, as trustee, are "no longer interested, and the alleged or purported contingency, so far as they are concerned, is merged into the rights and title of the said Clarence R. Deal," to have a judgment entered declaring that their children "have no right, title or interest in and to" the said property, and, further, that the children of Silas A. Deal, deceased, who are defendants, be precluded and estopped from claiming any interest in and to same and, further, that "all unborn issue who might be in existence at the

time of the death of the said Clarence R. Deal, and who are at this time not *in esse,"* be likewise precluded and estopped. 3. To declare the agreement, by which the brothers and sister of Clarence R. Deal, who have joined as plaintiff in this action, assigned, transferred and conveyed to him all of their right, title and interest in and to the property so held by said trustee, "a family settlement" by which Clarence R. Deal be adjudged the owner of said property "in fee, freed of any trust," and of "any and all interests, apparent, contingent or otherwise, that they now have, or might have, and that their action, as parents of their respective children, be binding and conclusive upon said children, and estop them from ever raising any question, even though the said Clarence R. Deal should die without issue surviving him."

James F. Deal and his wife, Arthur L. Deal and his wife, and Mabel Deal Aull and her husband have executed a release in which they conveyed to Clarence R. Deal "all of their right, title and interest in and to the property devised to Wachovia Bank & Trust Company, as trustee for the beneficial interest of Clarence R. Deal," and in which they ask to be joined as parties plaintiff in the present action.

Summons and complaint have been duly served personally upon named defendants, who are residents of the State of North Carolina, and "upon affidavit and order of court, summons and process were served on all nonresident defendants named in this action, by publication, as prescribed by law."

While the defendant, Wachovia Bank & Trust Company, trustee, in answer filed admits the provisions of the will, it denies the material allegations of the complaint upon which plaintiffs rely for the relief sought.

The children of Silas A. Deal, deceased, filed answer, setting up claim to a contingent interest in the trust fund in accordance with the provisions of item three of the will of C. J. Deal.

Upon no other answers being filed, the clerk of Superior Court entered judgment by default against all named defendants who had not answered; and appointed George R. Uzzell as guardian *ad litem* of two named minor defendants; and also appointed C. P. Barringer as guardian *ad litem* for "any and all unborn issue of the plaintiffs, Clarence R. Deal, James F. Deal, Arthur L. Deal and Mabel Deal Aull, and also any unborn issue of any of the non-answering defendants."

Thereupon, the cause was transferred to the civil issue docket of Superior Court for trial upon the issues raised by the answers filed.

Afterward the children of Silas A. Deal, deceased, as above named, through their attorneys of record withdrew their answer, and together with the respective spouses of such as were married, executed a release similar to that executed by Arthur L. Deal and others as above stated,

in which they conveyed to Clarence R. Deal "any and all rights, claims and demands" of them "by reason of any trust or rights as heirs contingent, expectant or by way of remaindermen, or reversioners to the same effect as if no such trust had ever been provided for or mentioned in the aforesaid will of C. J. Deal," and formally authorized withdrawal of their answer, as well as releasing any and all claim against the Wachovia Bank & Trust Company as trustee.

George R. Uzzell, as guardian *ad litem* of named minor defendants, filed an answer, admitting all of the allegations of the complaint, basing the admissions "upon the information furnished to and obtained by said guardian *ad litem;* and further because of the remote interest of said minors, and because of the fact that both parents of said minors whose interests are not as remote as theirs, have joined in an application requesting that the relief prayed for in the complaint be granted to the plaintiffs," and "joins in the prayers of the plaintiffs, and asks that the relief in said complaint be granted."

C. P. Barringer, appointed guardian *ad litem* of unborn issue as aforesaid, filed answer as such, admitting all the allegations of the complaint, and requesting "the court to pass upon the matters and things alleged and render such judgment as is proper and correct according to the pleading and evidence in this case."

Thereafter, at the November Term, 1939, of Superior Court of Rowan County, upon motion of plaintiffs, Gwyn, J., presiding, entered judgment "against the defendants, and each of them, except the Wachovia Bank & Trust Company, trustee, and in favor of the plaintiffs, and especially the plaintiff Clarence R. Deal, as prayed for in the complaint, establishing his rights, so far as these defendants are concerned, and that said defendants, and each of them, and their issue, born or unborn, children or heirs at law, present, future, or contingent, are henceforth and forever estopped to assert or claim any right or interest in and to the real or personal property willed to and devised to the Wachovia Bank & Trust Company, trustee, for the use and benefit of Clarence R. Deal, under the will of the said C. J. Deal, deceased"—and

"2. That this judgment shall not estop or prevent the said Wachovia Bank & Trust Company, trustee, from further asserting its rights, as set out in its answer, at some subsequent term of court."

The defendant, Wachovia Bank & Trust Company, as executor and trustee under the will of C. J. Deal, excepts in so far as said judgment operates as a bar or estoppel against it.

When the case came on for hearing at the May Term, 1940, the plaintiffs and the answering defendant, the Wachovia Bank & Trust Company, as trustee, waived a jury trial and agreed for the court to find the facts and declare the law, based upon the records, proceedings, plead-

ings and admissions of the different parties. The court finds facts substantially as hereinabove set forth. And, further, that while the said judgment of Gwyn, J., entered at the November Term, 1939, of Rowan Superior Court, "estops Arthur L. Deal, James F. Deal, Mabel Deal Aull, and the children of Silas A. Deal from claiming any right, title and interest in or to the share devised in trust to Wachovia Bank & Trust Company for the beneficial interest of Clarence R. Deal," "the court is of the opinion and concludes as a matter of law that Clarence R. Deal is not entitled to have the trust removed, revoked or declared inoperative, or to order Wachovia Bank & Trust Company, as trustee, to turn over to him the property it has in its hands, which was devised to Wachovia Bank & Trust Company for his use and benefit so long as he shall live, and thereafter to his issue, if any, and that if he should die without issue that this share, or property, should go to his brothers and sister, or their issue, and that as a matter of law, the court holds that the trust should not be terminated and declared at an end."

From judgment denying to plaintiffs, particularly Clarence R. Deal, the right "to have the trust terminated and declared at an end, and the property held by the Wachovia Bank & Trust Company turned over to him as prayed for in the complaint," the plaintiffs appeal to the Supreme Court and assign error.

*R. Lee Wright for plaintiffs, appellants.*
*Stahle Linn for defendant, appellee.*

WINBORNE, J. The challenge of appellants to the judgment below is untenable.

The trust in question is active, and not passive. In cases of passive trusts the legal and equitable titles are merged into the beneficiary and the beneficial use is converted into legal ownership. But this is not true as to active trusts. *Fisher v. Fisher, ante,* 42, 6 S. E. (2d), 812, and cases cited.

If a special duty be imposed upon the trustee, such, for example, as the collection and application of the income or the rents and profits of the estate, the trust is active, because the trustee must have the legal title in order to perform his duties. *Webb v. Borden,* 145 N. C., 188, 58 S. E., 1083; *Cole v. Bank,* 186 N. C., 514, 120 S. E., 54; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356; *Fisher v. Fisher, supra,* and numerous other cases.

The factual situation in *Cole v. Bank, supra,* is not unlike that here. *Adams, J.,* speaking for the Court there, said that "the general rule is that a gift of the income of property is to be regarded as a gift of the property itself only when no limitation of time is attached; but where

a testator directs that the interest on a sum of money be paid to a designated beneficiary annually during his natural life, and that after his death the principal should be distributed among other legatees, the legacy is construed, not as a gift to the first taker of the *corpus* of the fund, but only of the income for the intermediate period." Then, with regard to an agreement signed by legatees to give their interest in the fund to the immediate beneficiary, the Court held that under the circumstances the agreement could not destroy the trust and deprive the bank of its right to hold and disburse the fund in controversy as provided in the will.

Applying these principles to the present case, the income is to be paid to Clarence R. Deal "during the term of his natural life, and at his death," to others. Contingent remainders are created and the trustee is, by operation of law, required to hold the property and pay over the income as directed, and finally to account for the *corpus*. The releases signed by James F. Deal and wife, Arthur L. Deal and wife, Mabel Deal Aull and husband, and the children of Silas A. Deal, deceased, cannot destroy the trust nor deprive the trustee of its right to hold the property and execute the trust nor relieve the trustee of liability entirely.

While it is stipulated in the release that it is intended as a family settlement agreement, we are of opinion and hold that the family settlement doctrine is inapplicable to the present factual situation. See *Reynolds v. Reynolds,* 208 N. C., 578, 182 S. E., 341; *Bohannon v. Trotman,* 214 N. C., 706, 200 S. E., 852.

Furthermore, it is pertinent to note that neither Claude F. Deal, if living, nor his children, if any, though unknown, are parties to this action. In this connection, while the principle of law that "the absence of a person from his domicile, without being heard from by those who would be expected to hear from him, if living, raises a presumption of his death, that is, that he is dead at the end of seven years," *Beard v. Sovereign Lodge,* 184 N. C., 154, 113 S. E., 661; *University v. Harrison,* 90 N. C., 387; *Steele v. Ins. Co.,* 196 N. C., 408, 145 S. E., 787, "the presumption of his death, arising from seven years absence under the rule, is presumption of fact which may be rebutted." *Chamblee v. Bank,* 211 N. C., 48, 188 S. E., 632, and cases there cited.

It may also be noted that, though Claude F. Deal be declared to be civilly dead, and if he be in fact dead, it does not necessarily follow that he died without leaving issue surviving him. In fact, the decree of the clerk of Superior Court of Rowan County merely declares him to be civilly dead, and does not attempt to make any adjudication on the question as to whether he is actually dead, or as to whether he left surviving issue.

Moreover, in order to sustain the judgment below it is not required

that we pass upon the question of the extent to which the judgment entered by Gwyn, J., at the November Term, 1939, is *res judicata.* Nevertheless, it has been said that the Court has no higher duty than the protection of infant defendants, and that there can be no trust more sacred than that of a guardian. The object of the appointment of a guardian *ad litem* is to protect the interest of the infant defendants. It is the duty of a guardian *ad litem* to file an answer and to protect their interests. *Latta v. Trustees,* 213 N. C., 462, 196 S. E., 862; *Graham v. Floyd,* 214 N. C., 77, 197 S. E., 873.

A guardian *ad litem* has no authority, without valid consideration, to relinquish rights of the infant defendants whom he represents.

As applied to the present case, even though the parents of the named infants and unborn issue have assigned, transferred and conveyed to Clarence R. Deal, the immediate *cestui que trust,* all of their contingent right, title, interest and estate in and to property in the trust in question, and even though the interest of such infants and unborn issue be remote, their guardians *ad litem,* in the absence of valid consideration therefor, are without authority to relinquish those rights to the immediate beneficiary of the trust estate.

In *Latta v. Trustees, supra, Barnhill, J.,* said: "In all suits or legal proceedings of whatever nature, in which the personal or property rights of a minor are involved, the protective powers of a court of chancery may be invoked whenever it becomes necessary to fully protect such rights. When necessary, the Court will go so far as to take notice *ex mero motu* that the rights of infants are endangered and will take such action as will properly protect them." And, further, quoting from 10 R. C. L., 340, it is there stated: "Equity has full and complete jurisdiction over the persons and property of infants and all other persons laboring under legal disabilities. . . . The jurisdiction in all these cases is plenary and potent to reach and afford relief in every case where it may be necessary to preserve their estates and protect their interests."

The judgment below is

Affirmed.