This is an action for a declaratory judgment nullifying a deed of trust executed 12 July, 1932, by the late Francis Stringer Duffy and his wife (one of the plaintiffs), Kate Bryan Duffy, to Henry Bryan Duffy and John Bryan London, and a portion of the will of the late Francis Stringer Duffy. Contemporaneous with the execution of the deed of trust the grantors therein executed separate individual wills, which said wills referred to and made said deed of trust a part thereof.
Francis Stringer Duffy is dead and his said will is duly registered, and no caveat is filed thereto. The deed of trust has not been recorded or delivered. It is the purpose of this action to nullify this deed of trust and the will of Francis Stringer Duffy in so far as it makes the said deed of trust a part thereof.
The principle purpose of the deed of trust is to preserve in the hands of the grantees, Henry Bryan Duffy and John Bryan London, as trustees, for the use and benefit of one of the two children of the grantors, namely, Francis Stringer Duffy, Jr., practically one-half of their joint estates, after the expiration of life estates therein provided, to be administered as in said deed of trust provided. The deed of trust provides, inter alia, that "During the period of this trust, beginning within ten days after the filing of this deed and trust agreement, Francis S. Duffy, Jr., is to be allowed the sum of $100.00 per month, but that not more than $25.00 of the said amount can be paid to him in any one week and that the said Francis S. Duffy, Jr., shall not be permitted to borrow or have advanced from the said trust estate over and above the amounts herein provided. However, if our son Francis S. Duffy, Jr., should marry, then these Trustees are to pay an additional amount, not to exceed $50.00 a month, to the wife of Francis S. Duffy, Jr., in like manner as paid to Francis S. Duffy, Jr., provided, however, that if the estate is not able to pay the entire amount, the full amount shall be paid first to Francis S. Duffy, Jr., and then any remaining amounts that the estate is able to pay is to be paid over to his wife. It is contemplated, however, that the part of the estate belonging to Francis S. Duffy, Jr., under this trust agreement shall be amply able to take care of him and his wife. Should there be born issue of any wedlock of Francis S. Duffy, Jr., then these trustees are to add the minimum sum of $15.00 a month for each child. All these amounts are payable from the earnings of this trust estate and in the event the estate fails to earn the amounts set out herein, the Trustees are to pay over whatever it earns.
"It is provided, however, that there should be reserved from the trust estate a sufficient amount and set aside and placed on savings or in some *Page 523 
form of insurance or with some reliable trust company (at intervals) sufficient to provide the expense of educating the said children; and any such issue of any wedlock of Francis S. Duffy, Jr., shall be given the same consideration as the other grandchildren of the grantors herein and the trust estate shall continue for the spouse and issue of Francis S. Duffy, Jr. Upon the death of Francis S. Duffy, Jr., should he be survived by a widow, the trustees are to continue the benefits of this trust for the said widow of Francis S. Duffy, Jr., for her life and she shall receive the same amounts from said trust as received by Francis S. Duffy, Jr., under this trust agreement during her life. And if there are issue of any wedlock of Francis S. Duffy, Jr., the benefits of this trust are to go to the said widow and the children of Francis S. Duffy, Jr., as heretofore set out in this instrument; provided, that if Francis S. Duffy, Jr., die without leaving issue from his marriage, then at the death of the said widow, the trust estate automatically dissolves, and the property of the said trust estate goes to Henry Bryan Duffy and his heirs in fee simple.
"In the event of there being issue of the wedlock of Francis S. Duffy, Jr., upon the death of the widow of the said Francis S. Duffy, Jr., then this trust estate will be automatically dissolved and the property of the said trust estate will go, share and share alike, to the heirs of Francis S. Duffy, Jr., being the issue of his wedlock."
The will of the late Francis Stringer Duffy provides, inter alia, that "My beloved wife, Kate Bryan Duffy, contemporaneous with the making of this last will and testament, has made a last will and testament for herself, and we have as co-grantors also executed a trust agreement contemporaneously with the said wills, which said deed and trust agreement is deposited in the office of Abernethy Abernethy, Attorneys at law, New Bern, North Carolina, and it is my will and desire and also the desire of my wife that this deed and trust agreement shall not be put in force and effect and recorded until after the death of Kate Bryan Duffy and myself. But if my beloved wife, Kate Bryan Duffy, has died prior to the probate of my will, it is my wish and I hereby direct my executors to have the said deed and trust agreement filed and the same become operative immediately and the said deed and trust agreement contains specific instructions to my executors herein named not inconsistent with this last will and testament.
"However, it is provided that if my beloved wife, Kate Bryan Duffy, survives me and the care and management of the affairs of my youngest son, Francis S. Duffy, Jr., shall become too burdensome for her, then she shall have the right to direct Abernethy Abernethy, Attorneys at Law, New Bern, North Carolina, to record the said deed and trust agreement, which shall immediately go into full force and effect and my *Page 524 
executors herein named, who are also grantees under that instrument, shall immediately assume possession of the property conveyed and undertake the duties therein imposed, it being the purpose of my will that so long as my beloved wife, Kate Bryan Duffy, wish, she shall be in control and possession of my personal property and real estate."
The cause came on for hearing before Burney, J. John W. Beaman was appointed guardian ad litem of any unborn child or children of Francis Stringer Duffy, Jr., and of any future wife or wives of Francis Stringer Duffy, Jr. All parties thereto waived trial by jury and agreed that the court might find the facts, reach conclusions of law and enter judgment in accord therewith. None of the defendants, except the guardian ad litem of the unborn children and future wives of Francis Stringer Duffy, Jr., filed answer.
It is alleged in the complaint and not denied by the defendants, except the guardian ad litem, that all the parties in interest had entered into an agreement which they desired and sought the aid of the court to effectuate; that said agreement provided that the deed of trust executed by the late Francis Stringer Duffy and his wife, Kate Bryan Duffy, of the first part, to Henry Bryan Duffy and John Bryan London, as trustees for Francis Stringer Duffy, Jr., of the second part, dated 12 July, 1932, be annulled, by the consent of all concerned, and that the Superior Court decree the trust agreement void and of no effect; and that practically one-half of the property, real and personal, of the late Francis Stringer Duffy and of his wife, Kate Bryan Duffy, after the life estate of the said Kate Bryan Duffy therein reserved, should be held in fee simple by Henry Bryan Duffy; and that practically one-half of said property, after the life estate of Kate Bryan Duffy therein preserved, should be held by Henry Bryan Duffy in trust for Francis Stringer Duffy, Jr., and that the said trustee "shall pay and distribute the net proceeds of such income (from the property so conveyed in trust) in monthly installments as nearly as practical, as follows: subject to the proviso hereinafter contained, the whole thereof to Francis Stringer Duffy, Jr., during the lifetime of said Francis Stringer Duffy, Jr., and then to the nearest kin of said Francis Stringer Duffy, Jr.; provided, if said Francis Stringer Duffy, Jr., die without issue him surviving, leaving a widow, then said trustee shall pay one-half of the whole of said net income to the nearest kin of said Francis Stringer Duffy, Jr., and the other one-half thereof, to said widow for the term of her natural life, and upon her death the same shall be paid to the nearest kin of said Francis Stringer Duffy, Jr. This settlement upon said widow is made in consideration of her marriage to Francis Stringer Duffy, Jr., and in consideration of such marriage only."
John W. Beaman, guardian ad litem of the unborn children and future wives of Francis Stringer Duffy, Jr., answering the allegations *Page 525 
of the complaint relative to an agreement among the parties in interest, avers: "these defendants enter a plea of general denial. And in connection with plaintiffs' allegations therein contained, these defendants say and allege that the agreement offered by plaintiffs does not abide with the true intent and purposes of the trustors and devisors as set out and described in the Trust Agreement and wills set out in the complaint, for that the trust property, or income therefrom, is diverted to other persons and purposes to the exclusion of these answering defendants and thus defeats the manifest intent of the said trustors. That these defendants are not benefited by the agreement submitted by the plaintiffs as there is no consideration offered or presented to them for the relinquishment of their rights under the said deed of trust agreement."
The court entered judgment in which it found that all parties were properly served with summons and that only the guardian ad litem has filed answer, that all parties are properly before the court, either in person, by next friend or guardian ad litem, and that the court has jurisdiction of the subject matter, and that it is agreed by all parties that the court may find the facts and render judgment; it is further found "that the interest of all concerned will be materially promoted by annulling the trust agreement executed by and between Francis Stringer Duffy and wife, Kate Bryan Duffy, of the first part, and Henry Bryan Duffy and John Bryan London of the second part, dated July 12, 1932.
"Second: That Francis Stringer Duffy, Sr., died August 5, 1935; that his widow, Kate Bryan Duffy, and their two children, Henry Bryan Duffy and Francis Stringer Duffy, Jr., and their respective wives, and Henry Bryan Duffy and John Bryan London, as trustees, and Kate Bryan Duffy as next friend of said Francis Stringer Duffy, Jr., being all persons now in being who have an interest in the property herein involved, have agreed upon a division and settlement of said property . . ."; and adjudged that the trust agreement of 12 July, 1932, be annulled, and "decreed void and of no effect"; and that Henry Bryan Duffy, subject to certain charges specified, shall have and hold in fee simple practically one-half of the estate, real and personal, of his parents, the late Francis Stringer Duffy and Kate Bryan Duffy; and that subject to certain charges therein mentioned, practically one-half of the said estate of the said late Francis Stringer Duffy and Kate Bryan Duffy, shall "vest in said Henry Bryan Duffy, to have and to hold the same to him and his successors in trust for the uses and purposes and with the power, authority and discretion hereinafter set forth, that is to say; said trustee shall receive, hold and manage said properties, receive all rents, profits, and income of every nature due the trust estate, convert, mortgage, sell, assign, alter, re-invest and otherwise deal with said properties and additions thereto as he in his discretion shall deem to be for the *Page 526 
best interest of said Francis Stringer Duffy, Jr., and other beneficiaries hereinafter named, and out of the income received therefrom said trustee shall pay all taxes accruing on said properties, keep the buildings thereon insured against loss by fire, pay the costs of repairs and upkeep and all expenses of administration of such trust, including reasonable compensation paid by said trustee to such person as he may employ to collect rents from tenants of said properties and in addition thereto five per centum of the gross income of said trust estate to be retained by him as compensation for his services as trustee, and then he shall pay and distribute the net proceeds of such income in monthly installments as nearly as practicable, as follows: subject to the proviso hereinafter contained, the whole thereof to Francis Stringer Duffy, Jr., during the lifetime of said Francis Stringer Duffy, Jr., and then to the nearest kin of said Francis Stringer Duffy, Jr.; provided, if said Francis Stringer Duffy, Jr., die without issue him surviving, leaving a widow, then said trustee shall pay one-half of the whole of said net income to the nearest kin of said Francis Stringer Duffy, Jr., and the other one-half thereof to said widow for the term of her natural life, and upon her death the same shall be paid to the nearest kin of said Francis Stringer Duffy, Jr. This settlement upon said widow is made in consideration of her marriage to Francis Stringer Duffy, Jr., and in consideration of such marriage only."
From the judgment entered John W. Beaman, guardian ad litem for the unborn child or children of Francis Stringer Duffy, Jr., and for the future wife or wives of Francis Stringer Duffy, Jr., appealed to the Supreme Court, assigning as error "the judgment signed by the court."
We are constrained to hold that the judgment entered by the Superior Court is in error, for the reason that the provisions made for the future wife or wives of Francis Stringer Duffy, Jr., as well as the provisions made for the unborn child or children of the said Francis Stringer Duffy, Jr., by the deed of trust and the will of the late Francis Stringer Duffy, are more liberal than the provisions made for the said wife or wives or for the said child or children in the trust agreement alleged to have been entered into by the interested parties in being and in said judgment.
The deed of trust, made a part of the will of the late Francis Stringer Duffy, sought to be annulled, in so far as it makes provisions for any *Page 527 
wife or widow of Francis Stringer Duffy, Jr., is practically to the effect that $50.00 per month from income of the property in the trust created thereby is to be paid to any wife he may have; and in the event any wife of the said Francis Stringer Duffy, Jr., shall survive him, and there be no surviving children, she shall receive the total benefits of the trust that he would have received had he lived (at least $100.00 per month); and if she survives him and there be likewise surviving children then she is to receive one-half of the benefits and such surviving children are to receive one-half thereof; whereas the alleged agreement and the judgment in so far as they relate to provisions for any wife or widow of Francis Stringer Duffy, Jr., are practically to the effect that the whole of the income from the property in the trust created is to be paid to Francis Stringer Duffy, Jr., during his life to the exclusion of any wife; and if the said Francis Stringer Duffy, Jr., should die, leaving a widow and no issue, such widow would receive only one-half of the income from said property during her life, instead of the whole thereof. The provisions of the judgment for any wife or widow of Francis Stringer Duffy, Jr., are definitely less liberal than such provisions in the deed of trust, and cannot be construed to be for the best interest of such wife or widow.
Likewise the deed of trust sought to be annulled in so far as it makes provisions for any unborn child or children of Francis Stringer Duffy, Jr., is practically to the effect that $15.00 per month is to be paid to each child that may be born, from the income of the property in the trust created, and in addition thereto a sufficient amount is to be set aside from said income to educate such child; and in the event of the death of Francis Stringer Duffy, Jr., leaving a widow and children, such children are to receive one-half of the income; and in the event of the death of Francis Stringer Duffy, Jr., without leaving a widow but leaving children, the trust is to be dissolved and such children are to receive all the property therein; whereas the only provision made in the judgment for such unborn children is that upon the death of Francis Stringer Duffy, Jr., without leaving a widow, the property in the trust is to go to the nearest of kin, who would, of course, be his children, if any surviving. The provisions of the judgment for any unborn child or children of Francis Stringer Duffy, Jr., are different and in some respects less liberal than such provisions in the deed of trust, and cannot, upon the whole, be construed for the best interest of such child or children.
The mere fact that the present wife of Francis Stringer Duffy, Jr., Shirley Avery Duffy, is a party plaintiff to this action and has acquiesced in the settlement agreement alleged in the complaint and in the judgment entered below, cannot effect the rights of any future wife or widow of the said Francis Stringer Duffy, Jr., represented along with *Page 528 
others by the guardian ad litem, in the property in the trust created by the deed of trust sought to be annulled.
The family settlement doctrine is not applicable in this action, since the trust which is sought to be annulled is an active one wherein special duties are imposed upon the trustee, including the disbursements of the income from the trust estate for an indefinite time, to indefinite recipients and upon indefinite contingencies. Deal v. Trust Co.,218 N.C. 483, 11 S.E.2d 464, and cases there cited.
To uphold the judgment of the Superior Court annulling the deed of trust as incorporated in the will of the late Francis Stringer Duffy would be to deny to the grantors therein the right to freely dispose of their property according to their wishes. While ordinarily a court of equity has the power to do what is necessary to be done to preserve a trust from destruction, and in the exercise of that power may, under certain unusual circumstances, modify the terms of the trust to that end, such court has not the power to defeat and destroy the trust. Cutter v. Trust Co., 213 N.C. 686,197 S.E. 542. This power to modify the terms of the trust when necessary to preserve it should not be exercised to destroy the trust or defeat the purpose of the donor or grantor thereof. Penick v. Bank, 218 N.C. 686,12 S.E.2d 253.
The judgment of the Superior Court is
Reversed.