IN THE MATTER OF GEORGE W. EDWARDS, GENERAL GUARDIAN OF MARTHA EXUM, AN INCOMPETENT.

(Filed 2 November, 1955.)

**Insane Persons § 8—**

> A proceeding may be maintained under G.S. 33-20 to authorize the guardian of an incompetent to settle the ward's interest in a partnership under a plan providing that each partner should receive in settlement certain property together with stock in a proposed corporation to be formed to carry on the business, the proceeding not being one for sale or mortgaging of the incompetent's estate.  G.S. 35-10, G.S. 35-11.

APPEAL by petitioner from *Bone, J.,* at February Term 1955, of GREENE.

Civil action in nature of a proceeding in equity for approval of settlement of all the right, title and interest of the ward Martha Exum, an incompetent, in the properties and assets of the partnership of J. Exum & Company, and in respect to contemplated corporation, heard upon demurrer *ore tenus* of James G. Exum and Ann Berry Exum Thompson, presumptive heirs of said ward, on whom notice of the proceeding was served.  G.S. 33-20.

In summary the petition sets forth:  (1) That the ward Martha Exum, an incompetent, owns certain interests in the partnership of J. Exum & Company; that the competent persons interested in the partnership desire and have agreed upon a settlement of the partnership and formation of a corporation to carry on the business, each interested party to receive real estate of a given value, cash in certain sum and a given percentage of stock in the contemplated corporation,—to which corporation the remaining property of the partnership will be conveyed, transferred and assigned; (2) that the competent sisters of the ward, who have an equal interest with her in the said partnership, have agreed to the terms of settlement as fair and reasonable; and (3) that such settlement would be to the best interest of the ward.  The guardian prays that the court authorize and empower him to accept the terms of the proposed settlement.

The prospective heirs of the ward have been served with notice of the petition and two of them, James G. Exum and Ann Berry Exum Thompson, filed demurrer *ore tenus* to the petition for that upon the

face of it no cause of action is stated, vesting the court with jurisdiction of the matters and things sought to be litigated under the terms of G.S 35-10 and G.S. 35-11. The demurrer was sustained, and the proceeding dismissed. Petitioner excepted thereto, and appeals therefrom to Supreme Court and assigns error.

*K. A. Pittman for Petitioner Appellant.*
*Jones, Reed & Griffin for Respondents, Appellees.*

PER CURIAM. Petitioner appellant in brief filed in this Court aptly states that "the guardian is not asking the court for authority to sell, mortgage, or lease his ward's property, matters cognizable under the statutes set out in the demurrer. He is asking the court to approve a proposed division or partition of properties in which his ward has an interest, or a determination by the court of her rights therein." In this connection it may be said that in this jurisdiction the court has complete supervision and direction of all matters and things affecting the estates of incompetents. See G.S. 33-20. *Reynolds v. Reynolds,* 208 N.C. 578, 182 S.E. 341; *Latta v. Trustees of the General Assembly of the Presbyterian Church U. S.,* 213 N.C. 462, 196 S.E. 862; *Johnson v. Ins. Co.,* 217 N.C. 139, 7 S.E. 2d 475. Hence the petition is well founded, and demurrer is not well taken—and the ruling in respect thereto must be reversed.

It may not be amiss to say that the court may properly appoint a special master to investigate, and find and report the facts to the end that the court may be fully advised and make such order as is fair, just and equitable in the premises.

Reversed.